## J. W. RIPY ET AL. v. REDWATER LUMBER COMPANY ET AL.

### Decided December 21, 1907.

**1.—Receiver—Appointment—Appeal.**

Two persons were appointed joint receivers of two corporations; subsequently one of said persons resigned and an order was made appointing the other person as sole receiver for both corporations. Held, an appeal perfected within twenty days from the date of the last order was within due time under the provision of the statute requiring an appeal from an order appointing a receiver to be perfected in twenty days from the date of the appointment. (Justice Talbot dissenting.)

**2.—Receiver—Corporation—Venue.**

The court having jurisdiction of the subject matter of a suit, though not in the county of the domicile of a defendant corporation, may appoint a receiver for such corporation. Besides, the question is one of venue and the privilege may be waived.

**3.—Receiver—Appointment—Appeal—Issues.**

On an appeal from an order appointing a receiver, a question as to the validity of an order of the trial court consolidating the two suits in which receivers were appointed, will not be considered.

**4.—Receiver—Appointment—Notice.**

The provision in the statute requiring notice to be given of an application for the appointment of a receiver, applies only to the defendant in the action, and an appointment without objection by the defendant is conclusive as to creditors in the absence of fraud or collusion.

**5.—Same—Insolvent Corporation—Pleading.**

In an application for the appointment of a receiver for an insolvent corporation, pleading considered, and held sufficient to require the appointment as prayed for.

**6.—Same—Defunct Corporation—Franchise Tax.**

The forfeiture of corporate rights by reason of failure to pay the franchise tax, is a statutory ground for the appointment of a receiver.

**7.—Same—Judgment Creditor—Laches.**

A creditor who has obtained judgment against an insolvent corporation with foreclosure of lien on a small portion of the corporation's assets, but who has delayed for eighteen months to execute said judgment, cannot prevent the appointment of a receiver for said corporation. · Such rights as the creditor may have can be protected in the receivership.

· Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*M. B. Templeton,* for appellants Ripy.—The appointment of receiver without notice where the petition fails to allege any immediate emergency is of itself sufficient ground to deny the receivership. 92 S. W. Rep., 816.

The fact that a corporation has failed to pay its franchise tax and for this reason its right to do business in the State has been cancelled, is not ground for a receivership. 85 S. W. Rep., 314; 70 S. W. Rep., 597; 62 S. W. Rep., 819; 35 So. Rep., 227; 2 Clark & Marshall's Private Corporations, p. 863; 1 Clark & Marshall's Private Corporations, p. 226.

The petition upon which the receiver was appointed to take charge of the assets of the Redwater Lumber Company admits that the corporation is solvent, having assets of over one-half million dollars with liabilities of about $150,000; that no allegation is made that the directors have mismanaged the property or are about to commit waste or that any reason exists why the officers of the corporation can not administer the estate as well as a receiver; in fact, the petition fails to show any equity for the appointment of a receiver or any reason why the plaintiff has not her remedy at law in the usual way, hence it was error to appoint the receiver or refuse his discharge upon motion. 87 S. W. Rep., 632; 23 S. W. Rep., 819; 45 S. W. Rep., 738; 79 S. W. Rep., 374; High on Receivers, secs. 10, 11, 18, 63, 68, 70, 72, 741.

Notwithstanding the Secretary of State may have canceled the corporation's right to do business in the State, yet it is a de facto corporation and carrying on its business with officers in the usual way; there was no allegation that the corporation had ceased to do business, or was without board of directors or officers, and hence it was subject to the ordinary process of the court. 1 ·Clark & Marshall on Private Corporations, p. 226.

*Chilton & Chilton,* for appellant Barrier.—The District Court of Dallas County had no jurisdiction to appoint receiver of the property of Redwater Lumber Co. Rev. Stat., arts. 1488, 5243i; Session Acts 1905, p. 21 (Sayles' 2d Supp., p. 520); Wills Point Co. v. So. Rock Island Co., 71 S. W. Rep., 292.

It was not shown that the property upon which Mrs. Mork claimed a lien was in danger of being lost, removed or materially injured or was probably insufficient to discharge her mortgage debt. Rogers ·

v. So. Pine Lumber Co., 21 Texas Civ. App., 59; Grant v. Phoenix Life Insurance Co., 121 U. S., 105; City National Bank v. Dunham, 18 Texas Civ. App., 187.

The District Court erred in appointing a receiver for the property of the Redwater Lumber Company, because of its insolvency or imminent danger of insolvency, upon the petition of Mrs. Mork, as a creditor of the corporation. Espuela Land Co. v. Bindle, 5 Texas Civ. App., 23; New Birmingham Co. v. Blevins, 12 Texas Civ. App., 422; Cahn v. Johnson, 12 Texas Civ. App., 308; Carter v. Hightower, 79 Texas, 136; Lyons-Thomas Hardware Co. v. Perry Stove Manufacturing Co., 86 Texas, 156, 88 Texas, 468; Hollins v. Brierfield Coal Co., 150 U. S., 378; Orr v. Thompson, 89 Texas, 501; George v. Wallace, 135 Fed. Rep., 286; McIlhenny v. Binz, 80 Texas, 7.

The District Court had no authority to appoint a receiver for the property of the Redwater Lumber Company because of the forfeiture of its corporate rights by the Redwater Lumber Co., upon the petition of Mrs. Mork as a creditor of the corporation. Rev. Stat., arts. 2900-2901; East Line & R. R. Ry. v. State, 75 Texas, 451.

The court should have vacated the receivership as to the mules and horses covered by intervener's judgment of foreclosure in the District Court of Bowie County. Taylor v. Doom, 95 S. W. Rep., 4; Baze v. Island City, 94 S. W. Rep., 460; Farmers Loan & Trust Co. v. Lake Shore Ry. Co., 177 U. S., 61; Louisville Trust Co. v. Knott, 130 Fed. Rep., 820; Merritt v. American Steel Co., 79 Fed. Rep., 230; Rev. Stat., art. 2880.

*Cockrell & Gray, R. W. Rodgers* and *Todd & Hurley,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an appeal from an interlocutory order appointing a receiver.

On April 13, 1907, Mrs. Minnie Mork filed suit in the District Court of Dallas County against the Redwater Lumber Company, a private corporation of Bowie County, to recover on a promissory note for $7500 and claiming a verbal mortgage as a second lien upon the property of said company, and praying for a receiver. At the same time, on April 13, 1907, V. E. Buron filed suit in the District Court of Dallas County against the Northeast Texas Railway Company, a corporation, the principal office and place of business of which is in Bowie County, Texas, seeking to recover the sum of $900 for salary as general manager and praying for a receiver. Both suits were brought for the benefit of all creditors who wished to join.

On the same day, April 13, 1907, Hon. E. B. Muse, Judge of 44th District, appointed W. J. Moroney and H. Munz joint receivers of the properties of both corporations.

On April 15, 1907, G. Munz, president of both corporations, appeared and entered a waiver of service as to both corporations. An order was entered appointing the same parties joint receivers with same powers as before. On April 18, 1907, an order was made consolidating the Buron case with the Mork case.

On May 10, Ripy et al. presented a motion in vacation to vacate

the receivership, alleging that they held a lien on the property of the Redwater Lumber Company to secure their claim, which amounts to $70,000. Various grounds were alleged for the vacation of the receivership.

On May 18 B. C. Barrier filed his plea of intervention setting up a judgment for $2691.65 against the Redwater Lumber Company in the District Court of Bowie County, dated October 19, 1905, and foreclosing a mortgage on and ordering to be sold 65 mules and horses, of which the receiver had taken possession.

On May 21 Mork and Buron amended their petitions, repeating in substance the allegations in original petitions, and further that the Redwater Lumber Company and the Railway Company had on May 10, 1901, forfeited their corporate rights to do business in Texas by failure to pay their franchise tax, and made G. Munz, Harry Munz and Herman Munzesheimer, who constituted their board of directors, parties.

On same last named day Harry Munz filed his resignation as one of the receivers, which was accepted, and the court appointed W. J. Moroney as the sole receiver of said property.

The directors of both companies entered their appearance without objection.

On May 30 the Ripys filed a supplemental motion to dissolve the receivership, alleging that the orders of May 10 were made without notice to them, questioning the sufficiency of the amended petition and that said corporations were at least *de facto* corporations.

On same day, May 30, B. C. Barrier filed his first supplemental petition and motion to vacate the appointment of receiver, which was his first objection to the receivership. On same day, May 30, numerous creditors intervened in opposition to the motion to vacate the receivership.

On May 31 there was a hearing in open court and the motions to vacate the receivership and set aside the consolidation of the two cases were overruled. Barrier and the Ripys excepted and gave notice of appeal.

A motion was made to dismiss this appeal, which on a former day of this term was overruled, Justice Talbot dissenting. The ground made for dismissal was that the transcript was not filed within twenty days after the appointment of the receivers. The appointment was first made by the district judge on April 13, 1907, the order including two, Harry Munz and W. J. Moroney, as receivers to act jointly. On May 21, 1907, Harry Munz's resignation was accepted and the court then entered another order appointing W. J. Moroney sole receiver, with the sole power to perform the functions of receiver. The order appointing W. J. Moroney as sole receiver was a distinct and separate order from the first order appointing the joint receivers, and within twenty days from the making of the last order the transcript was filed in this court. This, in the opinion of the majority of this court, brought the order appointing a receiver to this court for review. This appeal is similar in principle to the case of Luck v. Hopkins, 92 Texas, 426, where the Supreme Court held that a writ of error sued out from a judgment

entered reforming a judgment within twelve months from the date of reformation, was in time, though the original judgment was rendered more than twelve months before the writ of error was sued out. The court said: "It does not matter that the judgment last entered was similar to or in fact the same as the first judgment, for the reason that the first judgment no longer existed after that of July 9 was rendered by the court." So in this case the first order appointed two receivers. After this, that order was changed and one receiver was appointed. The last order did away with the first. The first order no longer existed, and the last one was the order to which Moroney had to look for his authority to act.

On the merits of the controversy the question is raised that the District Court of Dallas County had no jurisdiction to appoint a receiver of the property of the Redwater Lumber Company, because the principal office of said corporation was in Bowie County. This question is one of venue. The right of having a receiver appointed for the property of a corporation in the county where the principal office of the corporation is located can be waived. The original petition, on which the court took jurisdiction of this case, alleged that the note on which suit was instituted, by its terms, was payable at Dallas. This gave the District Court of Dallas County jurisdiction of the subject matter, and the appointment of a receiver being ancillary to the main action, the court had jurisdiction to make the appointment. Wills Point Mercantile Co. v. Southern R. I. Plow Co., 71 S. W. Rep., 292. But the allegation in the amended petition omits to aver that the note was payable at Dallas, which omission the attorneys for the plaintiffs say was inadvertently made. This ground of want of jurisdiction was made in the court below by exception, but it seems no action therein was taken by the court. It appears from the record that the officers and directors of the corporations waived the issuance of service and appeared in the case, which settles the question of venue.

The objection to the consolidation of the two cases is not a matter that calls for a ruling from us in this proceeding. This is an appeal from an interlocutory order appointing a receiver in the Redwater Lumber Company proceeding, and to that only will we direct our attention.

Error is urged in the appointment of the receiver without notice. If this would annul the appointment in any case, the error has been cured by the appearance of the corporation directors before the second order of the court, by which W. J. Moroney was made sole receiver. We do not understand that when a receiver is applied for all creditors have to receive notice of such application. Where notice is mentioned, unless otherwise specified, it applies only to the defendant in the action and an appearance by the defendant without objection to the appointment is conclusive as to creditors, unless there is collusion or fraud in such appearance. There is no proof of any such fraud or collusion in this case as would justify us in holding the appointment invalid on that ground.

Was the appointment warranted under the allegations of the petition? · We think there is no question that the allegations as to the

railway company are fully sufficient to show that it was insolvent, and that it has a statutory cause for the appointment of a receiver. We think the allegations of the petition as to the Lumber Company show that it was in imminent danger of insolvency. It is true, the petition alleges that if the full value of the assets of the Lumber Company could be realized therefrom they would exceed the liabilities considerably, but existing conditions of said assets make it probable that without the aid of a receiver they would be dissipated and nonsecured creditors left unpaid. It alleges, among other things, that said corporation was chartered to manufacture lumber, that its assets are covered by first mortgages and there is a large unsecured indebtedness. "That all, or practically all of said indebtedness is now past due, and if any of the same is not yet due, it will all soon become due; that said ostensible corporation has practically no cash resources and no assets which can be readily converted into cash to meet said debts; that practically all of said assets are pledged or mortgaged to different creditors who are threatening foreclosure or who were threatening foreclosure at the time receivers were appointed herein; that sundry judgments have been rendered against said ostensible corporation upon which execution sales are threatened and there are no means of preventing the same except through a receivership; that a large amount of taxes is in default and that unless protected by a receivership, it is reasonably certain that the assets of said ostensible corporation will be speedily dissipated and sacrificed and that plaintiff's debt will be lost. That a recent fire has so damaged said saw mill that it can not be operated; that said lumber company has neither money nor credit through this to make the necessary repairs; that as a result its income has been practically suspended; that until receivers were appointed herein great expenses were constantly accruing in caring for said mules and protecting said other properties; that unless said logs are speedily converted into lumber or sold, they will decay and become a total loss; that for want of necessary means to give the plant proper attention, it is rapidly depreciating in value; that it is in serious danger of further loss by fire and said lumber company is not able to protect its property by any insurance; that under existing circumstances but for a receivership, insurance could not be obtained, if at all, except at very high rates which would merely add to the liabilities without increasing the assets, and that by reason of the premises, it is utterly impossible to protect the interest of plaintiff and all other parties except through a receivership." These allegations warranted the action of the court in appointing a receiver.

But there is another ground prescribed by the statute, set forth in the petition, which we think unquestionably warranted the court in its action in placing the property in a receiver's hands, which is that both corporations had forfeited their corporate rights by the failure to pay their franchise tax. Rev. Stats., art. 1465. The forfeiture of corporate rights being designated by the statute a ground for a receiver is conclusive on this question.

Barrier claims that in October, 1905, he obtained a judgment against the Redwater Lumber Company, establishing and foreclosing

a lien on 65 head of mules and horses and ordering said property sold, and that on April 13, 1907, an order of sale was issued on said judgment from the District Court of Bowie County. That said mules and horses are included in the order empowering the receiver to take possession, and charges the action of the court in this respect is wrong and that the receivership to the extent of said mules and horses should be vacated.

The mules and horses constituted but a small portion of the lumber company's assets, and Barrier's judgment lien would not be sufficient to prevent the appointment of a receiver of the estate. But should the court have excluded said mules and horses from the receivership? It appears that about eighteen months had expired from the rendition of said judgment until the order of sale was issued on April 13, 1907. The order of sale appeared on its face to be an original, and if so, the said judgment was dormant, and being so the execution thereof was subject to be injoined, though the sale would not be absolutely void, but voidable, and the property was not liable to sell for its value by reason thereof. During the delay in the execution of the judgment the mules and horses had not been actually seized, but remained in the possession of the corporation. While this condition existed they were liable to the claims of other creditors, subject to the rights of Barrier. The value of the mules and horses exceeds the amount of the judgment and the excess should be administered for the best interest of the estate. Of course, the rights of Barrier should be protected, which will be done accordingly, as the nature of the case demands, and this can be done under the receivership.

Believing the appointment of a receiver was proper, the judgment is affirmed.

*Affirmed.*

TALBOT, ASSOCIATE JUSTICE, dissenting.—I concur in the affirmance of the judgment of the court below, but as stated in the opinion delivered by Chief Justice Rainey, I dissented from the order overruling appellees' motion to dismiss the appeal, and I now desire to state my reasons therefor: Our statute (article 1383) provides that an appeal may be taken from an interlocutory order of the District Court appointing a receiver in any cause, provided said appeal be taken within twenty days from the entry of such order. The record shows that after W. J. Moroney and Harry Munz were appointed joint receivers of all the property of the lumber and railway companies on April 13, 1907, they promptly qualified and entered upon the discharge of their duties, and that on April 18, 1907, the suits, upon motion of plaintiffs, were consolidated. On May 10, 1907, appellants, J. W. Ripy and O. P. Ripy, filed in the consolidated suits a motion to vacate the receivership. On May 21, 1907, the directors of the companies were made parties to the suit. Harry Munz, who had been on April 13, 1907, appointed one of the receivers, was one of these directors, and upon being made a party to the suit he requested the court, in writing, to determine whether or not he was disqualified to further act in the capacity of receiver, and, in the event he was so disqualified, tendered his

resignation. The court held that Munz was disqualified to act as receiver, his resignation accepted and he was removed. An order was also made on said 21st day of May, that W. J. Moroney be continued and appointed as sole receiver of all the properties of said companies. Appellant Barrier, on May 30, 1907, filed his motion to set aside the appointment of receivers and to vacate the receivership. On May 31, 1907, both motions to vacate the order appointing a receiver and the receivership, were overruled. Appellants gave notice of appeal and on June 8, 1907, filed their respective appeal bonds. The majority of this court hold, as I understand, that the order continuing and reappointing W. J. Moroney as sole receiver on May 21, 1907, constitutes the order of appointment from which appellants were authorized or required to appeal, if they wished to have the action of the court in appointing a receiver reviewed, and that inasmuch as the appeals were perfected within twenty days from that date, they were taken within the time prescribed by law. With this view of the matter I do not agree. I am of the opinion that the existence of the receivership dates from the appointment of W. J. Moroney and Harry Munz as receivers on April 13, 1907, or the entry of the order of such appointment on April 16, 1907, and that in order to secure a revision of the court's action in appointing a receiver, by this court, it was necessary to perfect an appeal therefrom within twenty days from the date of said appointment, or the entry of the order to that effect; that inasmuch as the appeal bonds of appellants were not filed until June 8, 1907, their appeals were not perfected within the time prescribed by the statute quoted and should have been dismissed. The acceptance of Munz's resignation and his removal did not have the effect to vacate the receivership or discharge Moroney. The latter's appointment, as originally made on April 13, 1907, remained unaffected by the removal of Munz and would have continued in full force after Munz's removal without the order of the court reappointing him. The order of May 21, 1907, recites: "That W. J. Moroney be and he is hereby continued and appointed as sole receiver," etc. This is but a precautionary measure or order of the court, not actually necessary to a continuation of the receivership and Moroney's appointment, and can not be construed as an appointment of Moroney as receiver separate and distinct from his original appointment, and from which an appeal would lie. The order made May 21, 1907, simply removed Munz because of his disqualification on account of interest in the litigation, and did not terminate the receivership. This would have been true, even if Munz had been, at that time, the only receiver. For a clear distinction is drawn between the removal and the discharge of a receiver. "A receiver is removed when it is made to appear that the interest of the parties concerned require it, and a receiver is discharged when the objects sought to be obtained by his appointment have been accomplished. In the one case the property in litigation continues in the possession of the court, subject to the final decree, while in the other case it passes, pursuant to the decree, to the party entitled. The term 'removed,' as applied to a receiver, means simply a change

in the personnel of the receivership, which continues unaffected. The 'discharge' of a receiver relates to the termination of the receivership," etc. Beach on Receivers, pages 847, 848. So that if Munz had been at the time of his removal the sole receiver of the lumber and railway companies, and Moroney had then, by appointment, been substituted in his stead as receiver, it seems an appeal could not have been prosecuted therefrom. The substitution in such case would not have been such an appointment as is contemplated by our statute authorizing appeals from interlocutory orders appointing receivers. It logically follows, it seems to me, and with stronger reason, that where two receivers have been appointed and one is removed for cause, the continuation of the other as sole receiver, by an order of the court, is not the appointment within the meaning of the statute, from which an appeal may be prosecuted. The reason is stronger in such case because the removal of the one does not abrogate or materially affect the original order appointing the other, and because the order continuing or reappointing such other person as receiver was unnecessary for the purpose intended. The case of Luck v. Hopkins, 92 Texas, 426, cited in the opinion of the court, is not applicable. In that case the original judgment was reformed at the same term of the court at which it was rendered, and although as reformed, was similar to or the same as the first judgment, yet it was held that the entry of the last judgment had the effect to vacate and set aside the first; hence, the last was the only existing judgment, and the only one from which the writ of error could be prosecuted. Here the effective order appointing a receiver was the one made April 13, 1907, and the unnecessary order continuing Moroney as receiver did not have the effect to set aside and vacate it.

There is another reason why I think the appeals ought to have been dismissed. The appellants, as has been shown, made motions to set aside the order appointing the receivers and to vacate the receivership, and said motions were by the court overruled. The record discloses that it was from the judgments denying these motions that the appeals were taken. The appeals do not purport to be taken from either the order appointing Moroney and Munz joint receivers, or from the order continuing or appointing the said Moroney as sole receiver. Separate appeals by Ripy et al. and Barrier were taken, and the only thing in the record that can be construed as indicating that an appeal from the order appointing a receiver was intended, or being prosecuted, is found in Barrier's appeal bond. This bond, after describing the judgment overruling Barrier's motion to vacate the receivership, simply recites: "and whereas said intervener, B. C. Barrier, desires to appeal from said orders overruling and denying said motion to vacate said orders and to appeal from said orders appointing and continuing said W. J. Moroney as receiver," etc. Ripy's appeal bond does not even contain this recital and neither of the judgments overruling the motions to vacate show any exception to the court's action in appointing receivers, or otherwise refer to such action. Each simply states that the motion to vacate the orders appointing receivers as originally made and as further made on May 21, 1907, making W. J. Moroney

sole receiver, was overruled, to which interveners excepted and gave notice of appeal, etc. These orders show, and they should control, that the appeals were simply taken from the judgment overruling the motions to vacate the receivership, and not from the orders appointing the receiver. Now, we have no statute which authorizes an appeal from an order refusing to vacate a receivership and discharge the receiver, and it is only by such authority that such right of appeal could exist in this State. The statute referred to only authorizes an appeal from an interlocutory order appointing a receiver, and not from an order overruling a motion to discharge the receiver. It has been so held by the Court of Civil Appeals for the Third District in the case of Fidelity Funding Co. v. Hirshfield, 41 Texas Civ. App., 517. I am not expressing any opinion as to whether or not it is necessary, in order to confer jurisdiction upon the Appellate Court, that the record should show that notice of appeal was given from the order appointing a receiver. I simply hold that the record in this case shows affirmatively that notice of appeal was given from the orders overruling appellants' motions to set aside the order appointing a receiver and to vacate the receivership; that the appeals were prosecuted from said orders alone, and could not be entertained by this court. The mere recitation in Barrier's appeal bond, that "he desires to appeal from the orders appointing and continuing said W. J. Moroney as receiver," when there is nothing else in the record showing that he has done so, and when the record does expressly show that the appeal was taken from an order overruling a motion to vacate the appointment of a receiver, is not sufficient in my judgment, to show an appeal from such order of appointment. I am of the opinion that both appeals should have been dismissed.