SMITH v. LAMON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 2, 1911. Rehearing Denied Jan. 13, 1912.)

1. RECEIVERS (§ 35*)—APPOINTMENT—NOTICE —WAIVER.

Where a defendant in a suit for the appointment of a receiver appeared and moved to revoke the appointment made without notice and filed an answer to the merits, and the court denied the motion, the appointment cannot be attacked on appeal as made without notice.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 35.*]

2. PARTNERSHIP (§ 325*)—DISSOLUTION—ACCOUNTING—RECEIVERSHIP.

A petition for the appointment of a receiver of a firm, which alleges that the parties are partners, that defendant refuses to contribute his part of the capital, that plaintiff has contributed more than his share of the expenses, that defendant refuses to account to him for any part thereof, or to co-operate in

the prosecution of the business, that no division of the assets or good will can be mutually agreed on, and that the only equitable way of making a division is by a sale of the property, and which prays for a dissolution and an accounting, states a good cause of action for a dissolution and an accounting, justifying the appointment of a receiver.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 325.*]

3. RECEIVERS (§ 37*)—APPOINTMENT—PETITION.

A sworn petition, stating a cause of action and facts justifying the appointment of a receiver, is sufficient proof to justify the appointment.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 37.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by O. C. Lamon against I. S. Smith. From a judgment refusing to revoke the appointment of a receiver. of firm property, defendant appeals. Affirmed.

John L. Poulter, for appellant. T. A. Altman, for appellee.

SPEER, J. On October 16, 1911, the Honorable James W. Swayne, judge of Seventeenth judicial district, on an ex parte application of O. C. Lamon, appointed a receiver to take charge of the partnership property belonging to said Lamon and the defendant, Smith. On October 30th the defendant filed his motion to revoke the order appointing a receiver, at the same time filing an answer to the merits of the application, which motion the court overruled, and the defendant thereupon excepted and gave notice of appeal.

By the terms of subdivision 1 of article 1465, Sayles' Texas Civil Statutes 1897, the appointment of a receiver is authorized in an action between partners jointly owning or interested in any property or fund on the application of the plaintiff, where it is shown that the property or fund is in danger of being lost, removed, or materially injured. The substance of appellee's complaint, as shown by his petition praying the appointment of a receiver, is that he and defendant were partners in the ownership of a certain moving picture show, including all apparatus, fixtures, etc., connected therewith, and by mutual agreement a lease was obtained on a certain building for a period of about eight months at the rent of $125 per month; that it was agreed between them that the expenses incident to repairing the front of the building to which they were moving the show' were to be borne equally by the partners, but that the defendant undertook to pay for all repairing of the interior of said building and to bear the expense of moving the prop-

erty from the old location to the new; that defendant failed and refuses to contribute his part towards the erection of the picture show; that the plaintiff has already contributed more than $100 above his proportionate share of the expense incident to the opening up of said show; and that the defendant failed and refuses to account to him for any part of the same or to co-operate with him in the prosecution of the business for which the said partnership was formed. It is alleged that no division of the assets or good will of the concern can be mutually agreed on, and that the only equitable way of making a division is by sale of the property and a division of the proceeds. It is alleged that there is great danger of serious loss and expense in connection with the business unless a receiver be appointed. The petition specifically sought a dissolution of the partnership and prayed an accounting. Defendant's motion to revoke the order appointing a receiver contains numerous exceptions and a general denial, but does not deny specifically the grounds of complaint made against him in the petition.

The grounds of appellant's complaint in this court are that the order appointing a receiver was erroneous: First, because the petition did not state facts authorizing the appointment of a receiver; second, that it was improper to appoint a receiver without notice to this appellant; and, third, there was no evidence to justify the appointment.

[1] The case must be treated, we think, as though appellant had been cited, for, as presented to us, he has had his day in court on his motion to set aside the receivership, although the appointment was made in the first place without notice to him. Cotton v. Rand, 92 S. W. 266. If we give effect to his answer, which we do, he has been denied nothing that notice prior to the appointment would have allowed him.

[2] The petition shows a good cause of action for dissolution and partnership accounting, and also exhibits a case in which the appointment of a receiver is necessary to wind up the partnership affairs, since the plaintiff as a partner is not authorized by law to discontinue the partnership and make partition of the partnership property. As before shown, the material allegations are not denied.

[3] The petition is sworn to, which is sufficient proof to justify the interlocutory order.

There is no error in the judgment. The injunction heretofore issued by this court is set aside, and the judgment is in all things affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes