### LACEY v. DAYTON RUBBER MFG. CO. et al. (No. 7308.)*

(Court of Civil Appeals of Texas. San Antonio. March 4, 1925. Rehearing Denied March 25, 1925.)

1. **Appeal and error ⬥719(1)—In absence of assignments of error on appeal from order appointing receiver case can only be reviewed for fundamental error.**

Under Rev. St. art. 2079, authorizing appeals from orders appointing receiver or trustee, assignments of error on such appeal should be placed in record as in any other case, and in absence thereof case can only be reviewed for fundamental error.

2. **Receivers ⬥35(3)—Want of notice of appointment of receiver cured by appearance to request vacation of order.**

Want of notice of appointment of receiver is cured by defendant's appearance to request vacation of order of appointment.

3. **Corporations ⬥553(3)—Appointment of receiver on allegations of petition alleging insolvency and disposal of stock in trade in violation of Bulk Sales Law held warranted.**

Appointment of receiver on petition alleging defendant corporation was insolvent or likely to become insolvent, and that it was disposing of its stock in trade otherwise than in ordinary course of trade, in violation of Bulk Sales Law (Rev. St. art. 3971), held warranted.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Dayton Rubber Manufacturing Company and others against the Southwestern Rubber Company, Incorporated, and others. From an order appointing a receiver of the named defendant, defendant L. W. Lacey alone appeals. Affirmed.

Watson & Chapin, of San Antonio, for appellant.

Ingrum, Smith & Gulley and Taliaferro, Cunningham & Moursund, all of San Antonio, for appellees.

FLY, C. J. The Dayton Rubber Manufacturing Company, the Dunlap Tire & Rubber Company, and the Shook Rubber Company instituted this suit against the Southwestern Rubber Company, Inc., W. G. Colton, E. J. Stevens, Josie Colton, L. W. Lacey, and V. S. Cardwell, alleging that the Southwestern Rubber Company, Incorporated, is a Texas corporation having its principal place of business in San Antonio; that the appellee companies had at different times sold to the defendant company automobile tires and tubes of the value in the aggregate of $8,120.-92; that the sales of the merchandise were procured through false and fraudulent representations of the defendant company; that it had sold large "blocks" of merchandise, especially that sold by the appellees to the defendant company, that the appellees had not been given amounts of the sales as provided in article 3971, Revised Statutes of Texas, and the sales were made to defraud appellees. It was also alleged that appellant, Lacey, had bought a "block" of the merchandise at the wholesale price of $2,100, which was still in his possession on South Flores street, San Antonio, that a "block" of the merchandise had been sold to V. S. Cardwell for $3,500, wholesale price, which comprises their entire stock on West Travis street, San Antonio; that the named purchasers knew of the fraudulent purpose of the defendant company in selling the merchandise to them at sacrifice prices, and that the sales were made in violation of the Bulk Sales Law of the state, and are void as to creditors; and that the merchandise was subject to a lien in favor of appellees. It was alleged that the assets of the defendant company had been dissipated and fraudulently removed, and that the company was now insolvent; said insolvency having been caused by its fraudulent conduct. A receiver was prayed for, and that on a final hearing appellees have judgment for their respective debts. On June 13, 1924, a receiver was appointed, and on June 24 a motion to vacate the appointment of a receiver was presented by Lacey and was refused by the court on September 13, 1924. From that order this appeal has been perfected by appellant alone.

[1] The grounds for vacating the order were general, and the petition was not specifically assailed, but in the vaguest and most indefinite terms, such as it was insufficient in law, and stated no cause of action and no ground for the appointment of a receiver or that the plaintiffs were entitled to relief. Not only was the motion to vacate in general and indefinite terms, but appellant after giving notice of appeal filed no assignments of error, and consequently none

should be copied into the brief. The statute, art. 2079, which authorizes appeals from an order appointing a receiver or trustee, provides that such appeals shall take precedence in the appellate court, but does not, as in the case of appeals from interlocutory orders as to temporary injunctions, provide that it is not necessary to file briefs. Even in the case of temporary injunctions. the statute has not in terms dispensed with assignments of error in the record. Assignments of error should have been placed in this record, as is required in any other case, and in their absence we have considered the record only to ascertain if any fundamental error was committed.

[2] Appellant was not notified of the appointment of the receiver, but came voluntarily into court after the order of appointment, and thereby obtained all the benefits of notice. Notice is usually required before a receiver is appointed, but the appearance of a defendant after the appointment to request a vacation of the·order of appointment cures any error in the appointment as to notice. Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Ripy v. .Lumber Co., 48 Tex. Civ. App. 311, 106 S. W. 474; Smith v. Lamon (Tex. Civ. App.) 143 S. W. 304.

[3] No special exceptions were urged to the petition and under the general attack made on the petition it was sufficient to form a basis for the appointment of a receiver. It was alleged that the defendant corporation was insolvent and alleged several acts which led and would lead to insolvency. The statute provides that a receiver may be appointed "where a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency." Fraud is also alleged in disposing of the property of the corporation.

Under the allegations of the petition the corporation had transferred its merchandise "otherwise than in the ordinary course of trade in the usual and regular prosecution of the seller's or transferor's business," and the sales were void so far as the creditors were concerned. The sales were fraudulent transactions. Article 3971, Revised Statutes. There is no fundamental error in the action of the court in appointing the receiver.

The judgment is affirmed.