## BAPTIST MISSIONARY AND EDUCATIONAL CONVENTION OF STATE OF TEXAS v. KNOX et al.   (No. 12279.)

Court of Civil Appeals of Texas. Fort Worth. Nov. 2, 1929.

See, also, 19 S.W.(2d) 456.

J. E. Whitehead and Vern D. Adamson, both of Dallas, for appellant.

Mike E. Smith and Fred S. Dudley, both of Fort Worth, for appellees.

CONNER, C. J. This appeal is from an order of the Honorable Bruce Young, judge of the Forty-Eighth judicial district court of Tarrant county, refusing to vacate the appointment of a receiver of the properties and assets of the appellant convention theretofore made. The Baptist Missionary and Educational Convention of the State of Texas is a corporation organized to promote Christian education and advancement among colored people under the auspices of the colored Baptist churches of this state, and to cooperate financially and otherwise in missionary and educational work.

The record discloses that an annual meeting of the delegates and representatives of the convention was held in the city of Sherman, Grayson county, for the purpose, among other things, of electing officers, to wit, a president, two vice presidents, a secretary, auditor, statistician, and four trustees; a majority vote of the messengers being required for an election. The supporters of E. L. Harrison and of E. Arlington Wilson, the opposing candidates for the presidency, became involved in a heated controversy over procedural matters, and separated into two groups, each claiming to be the authorized body legally empowered under the rules of the society to name the officers. The group head-

ed by E. L. Harrison sought by injunction to restrain the opposing Wilson group, who had been declared elected, from exercising the functions of officers of the convention. The result of a hearing had upon the application for the injunction was an order of the district court declaring that the group headed by E. Arlington Wilson had been duly elected, and restraining the opposing group from exercising authority.

An appeal was prosecuted from the order so entered to the Court of Civil Appeals at Dallas, Tex., which later, on to wit, September 28, 1929, as appears from a copy of the opinion of that court presented to us, reversed the rulings of the district court at Sherman, and declared that the group headed by E. L. Harrison had been the duly elected officers of the convention and invested with authority as such.

In the meantime, however, on to wit, February 2, 1929, J. E. Knox, a member of the Harrison faction, joined by George R. Powell and Arthur Young, instituted the present proceeding in the Forty-Eighth district court of Tarrant county, seeking the appointment of a receiver of the properties of the convention. The petition therefor, briefly stated, alleges an indebtedness due from the association to the petitioners of specified sums, aggregating $3,026.67, for which the petitioners prayed for judgment. According to further allegations in the petition, while the convention had numerous pieces of property, described in the petition, it was further indebted in specified sums, aggregating $69,898.98; that various suits had been instituted and others were threatened for the recovery of the indebtedness referred to; that the association was without any source of income except voluntary contributions from its members, which were insufficient to liquidate the outstanding indebtedness as the same became due. It was further alleged:

"That through gross mismanagement of the secular affairs of the corporation by its de facto officers and trustees, its indebtedness over a period of years has been accumulating and no efforts have been made by said officers and trustees to liquidate same. * * * That the defendant corporation is without available cash with which to pay off and discharge such indebtedness, and because of the large indebtedness, as heretofore shown, and its inability to pay the same, the defendant, with its present de facto officers in charge, is without credit and without the ability to procure the necessary money with which to pay said debts. * * *

"That the de facto officers of the corporation who are in possession of its affairs, through mismanagement and gross negligence and inefficiency, and through the acts of agents unauthorized by the charter of the

corporation, have incurred large debts without the authority of the corporation, and have wrongfully attempted to, and have in several instances, sold valuable property belonging to the corporation for inadequate considerations. That in one instance, such officers of the corporation have sold valuable real estate in a rapidly developing section of the city of Fort Worth for a mere pittance, and for the recovery of which by the corporation suit is now pending in the district court of Tarrant County.

"That the defendant corporation is now insolvent and is divided in warring factions, by reason of the gross mismanagement of the affairs of the corporation by its de facto officers and trustees; 'and the properties of the defendants are now in imminent danger of being lost, and the indebtedness due these petitioners, as well as other valid and outstanding indebtedness, are likewise in imminent danger of being lost, and will be lost, unless a receiver is immediately appointed to take charge of the properties and business of the defendant corporation."

The petition, which was duly verified, closed with a prayer for judgment and for the appointment of a receiver.

On the same day,' to wit, February 2, 1929, the court entered his order, reciting the presentation of the petition and a hearing thereon, appointing Wm. M. McDonald, of Fort Worth, Tex., receiver "of the defendant, Baptist Missionary and Educational Convention of the State of Texas," a corporation, with authority, upon his filing a good and sufficient bond for the faithful discharge of his duties as such receiver, in the sum of $10,000, to take charge of all of the properties, effects, business, and affairs of the corporation, collect all outstanding debts and claims, with direction to make due reports to the court of his actions," etc.

Thereafter, to wit, on March 2, 1929, the receiver having duly qualified, the following pleading to abate the receivership was filed and presented to the judge making the appointment:

"Comes now the defendant in the above styled and numbered cause and moves the Court to set aside proceedings had in this cause on February 2nd, A. D. 1929, at which time a receiver was appointed to take charge of the organization and affairs of this defendant corporation, and for cause of defendant alleges and states:

"1. That this defendant is a religious corporation and this court has no jurisdiction over its organization affairs and is without jurisdiction to appoint a receiver to take charge of the organization of such religious corporation.

"2. That the parties who were served in the above styled and numbered cause, and those who waived the issuance and service of citation in said cause were not, at that time, and are not now, officers of this defendant corporation and were not the proper parties to be served, had no right or authority to accept service on behalf of this defendant corporation and had no authority to waive the issuance of service of citation on behalf of this defendant corporation, and for this reason said service is void and no service has been had on this defendant corporation.

"3. That heretofore, to wit, on December 14th, 1928, the District Court of' Grayson County, Texas, in cause #40113, styled 'W. L. Dixon et al. v. E. Arlington Wilson et al.,' determined the true and lawful officers and trustees of this defendant corporation and a copy of the Court's Decree in said cause is attached hereto, marked 'Exhibit A,' and made a part of this defendant's motion to set aside the receivership.

"4. This defendant alleges that the plaintiffs in the above styled and numbered cause, and those who undertook to accept service on behalf of this defendant corporation, are guilty of collusion and are guilty of undertaking to mislead the court, and this defendant moves the court to inquire into this matter, in determining whether or not this receivership should be set aside.

"Wherefore, premises considered, this defendant moves the court that said receivership be set aside and held for naught, and for costs and general relief. J. E. Whitehead, Attorney for Baptist Missionary and Educational Convention.

"I, E. Arlington Wilson, de-jure president of the above defendant corporation, state that I have read the foregoing motion to set aside the receivership and that on information and belief, I state that all matters therein contained are true. E. Arlington Wilson.

"[Seal.] Subscribed and sworn to before me, this 2nd day of March, A. D. 1929. Charles E. Jeffries Notary Public, Dallas County, Texas."

On April 19, 1929, the motion to vacate the order appointing the receiver came on to be heard, and judgment was entered thereon reciting that all parties had appeared in person and by counsel, and that the court had heard the motion and testimony of witnesses and all evidence introduced, and that the court was of the opinion that the motion should be overruled. Formal judgment overruling the motion was accordingly entered and the receivership continued subject to the further order of the court. To this order the defendant duly excepted and gave notice of appeal to this court, and was given 90 days in which to file a statement of facts and bills of exception. The transcript shows that later, on April 25, 1929, the defendant convention presented a petition for a temporary injunction, complaining that the receiver was exceeding his authority in attempting to call a conven-

tion of the officers and members of the association to consider ways and means of settling its affairs. On the same day, the defendant also presented a motion requesting the return of certain personal property alleged to relate alone to the organization and the ecclesiastical matters of the corporation; and also on the same day, to wit, April 25th, filed an application for a writ of supersedeas to suspend further action on the part of the receiver. These several motions filed on April 25th were all overruled, and are not now before us for revision; they having been mentioned only to show that the formal motion to vacate the receivership, filed March 2, 1929, and which we have copied in full above, is the only pleading upon which the motion to vacate the receivership can rest.

We are thus brought to a consideration of the questions presented by the appeal.

■ Appellant's first proposition under its first assignment of error is that "the court erred in the ex parte appointment of a receiver."

The proposition leaves us to search the record for the error, and is, under the rules, too general to require consideration. But, notwithstanding its generality, we have concluded to consider the case as shown by the record.

Article 2293, Rev. Civ. Statutes of 1925, provides that receivers may be appointed by any judge of a court of competent jurisdiction of this state in cases specified in the article, one of which is on the application of a plaintiff or any party "whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." Subdivision 1. Another is "in cases where a corporation is insolvent or in imminent danger of insolvency." Subdivision 3.

■ The only ground urged in the motion to abate the receivership which has any support whatever in the record is that the parties who were served with notice of the application for the appointment, and others who waived the issuance and service of citation in the cause were not at the time officers of the convention, not the proper parties to be served, and did not have authority to waive the issuance of service on behalf of the defendant, etc. While there is no affirmative showing in the evidence as to who, if any one, was served, or who, if any one, accepted or waived service, yet the order overruling the motion recites that the court heard the evidence, and, having overruled the motion, we will not assume, in the absence of evidence affirmatively showing otherwise, that there was no evidence of proper service or waiver of notice. Moreover, the motion to vacate suggests that there was in fact notice and waiver on the part of those claiming author-

ity in the group led by Harrison, who, as later developed by the decision of the Court of Civil Appeals at Dallas, were the de jure officers of the appellate association instead of the group led by Wilson. However, for the purpose of the disposition of the case, it may be assumed that the order appointing the receiver was wholly without notice to the proper parties. It is true, as has been held a number of times, that a receiver should not be appointed without notice except in an emergency. See Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Solomon v. Mathews (Tex. Civ. App.) 238 S. W. 307; Champ v. Wilson (Tex. Civ. App.) 244 S. W. 260. And it has also been held that the appointment of a receiver rests largely in the discretion of the court. Childress v. State Trust Co. (Tex. Civ. App.) 32 S. W. 330; McAdams v. Hooks, 47 Tex. Civ. App. 79, 104 S. W. 432. It is also to be noted that the power conferred by the statute upon the judge is not made dependent upon the fact of previous notice, and it has been held a number of times that, while notice is usually required before a receiver is appointed, the appearance of a defendant requesting a vacation of the order of appointment cures the error of appointment without notice. Lacey v. Dayton Rubber Co. (Tex. Civ. App.) 270 S. W. 916; Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266; Ripy v. Lumber Co., 48 Tex. Civ. App. 311, 106 S. W. 474; Smith v. Lamon (Tex. Civ. App.) 143 S. W. 304.

■ Appellant concedes this to be the rule of decision, but insists that, while the appearance waives any question of jurisdiction over the parties, yet it does not waive the error committed by the court, citing Yount v. Fagin (Tex. Civ. App.) 244 S. W. 1036, 1039, and other cases. We quote the following from Yount v. Fagin:

"It seems to be well established that jurisdiction, being the power or authority to hear and determine a cause, its existence does not depend upon either the legality of the exercise of that power or upon the correctness of the decision made. The test of jurisdiction is whether the tribunal had power to enter upon the inquiry, and not whether its conclusions in the course of the inquiry were wrong. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876; Railway Co. v. Lunn (Tex. Civ. App.) 141 S. W. 538; Menard v. McDonald, 52 Tex. Civ. App. 627, 115 S. W. 63.

"The allegations in cause No. 6398 presented a cause of action within the jurisdiction of the court, and mere defects in the petition upon which the receiver was appointed, though they might be available to defeat the receivership upon an appeal from the order of appointment, could not have the effect to render the receivership proceeding void. Lauraine v. First National Bank (Tex. Civ. App.) 204 S. W. 1022.

"The appointment of the receiver in cause No. 6398 may have been improvident and irregular, and upon an appeal it may be that such order would have been vacated, but, conceding that would have been the result had the order been appealed from, it does not follow that the order was void on the theory that the court making same was without power or authority to do so. In Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501, the court, among other things, said: * * * A receiver may, however, be appointed without notice when an emergency for such appointment is shown to exist. Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Temple State Bank v. Mansfield (Tex. Civ. App.) 215 S. W. 154. If an emergency does not exist for the appointment of a receiver, then such appointment, without notice, would be irregular, and, as has been generally held, would be erroneous, but not absolutely void. Weems v. Lathrop, 42 Tex. 207. Cyc. lays down the rule as follows."

■■ We find no fault with the pronouncement made in the quotation mentioned. The statutes give undoubted power to district courts to appoint receivers and the power undoubtedly necessary to appoint without notice in cases of emergency. The power, of course, should be exercised with great caution and only in special cases of emergency. But at last the question is whether the facts present an emergency requiring the immediate appointment of a receiver, and the determination of the question is left to the sound discretion of the judge called upon to make the appointment. No material complaint is made in this case by appellant's pleadings of the appointment of the receiver other than that the appointment was made without notice. This complaint having been waived under the authorities cited, we can only look to the petition of appellees for the appointment in order to determine whether or not under its allegations the court committed any reversible error in granting the appointment. We have already quoted in part from the petition, and, upon a consideration of the whole, we feel unable to say that the trial court abused the discretion vested in him by law in making the appointment. Appellant in no pleading denied the allegations of appellees' petition for the appointment; nor did appellant present an exception or demurrer to the sufficiency of the allegations. The petition distinctly alleged, not only that the association was insolvent and in imminent danger of insolvency, but also that, because of the mismanagement, misfeasance, and unauthorized acts of the parties complained of, the property and funds of the association were in danger of being lost.

The record discloses that, notwithstanding the state of appellant's pleadings, the trial court heard evidence on the motion to abate the receivership, and we have examined this evidence. It discloses the fact that shortly after the appointment in this case appellant applied for the appointment of a receiver in a district court of Dallas county, therein alleging the insolvency of the association, and E. Arlington Wilson and others of the appellant faction testified in some instances that they thought the appointment of a receiver was advisable; the weight of the testimony is that the person appointed as receiver is objectionable. It was testified, in substance, by Wilson and other officers and moderators of that faction, that their only source of revenue for the support of the college at Houston and an orphans' home at Bryan and the promotion of churches and other Christian efforts was by the voluntary contributions of members, and that, since the appointment of McDonald as receiver, they had declined to make such contributions. It doubtless appeared to the trial court that, because of the feeling on the part of the factions, a continuance of the good work of the association could be best assured by the court's administration, and, as stated, we are unwilling to say that the court abused his discretion in the appointment of a receiver, even though it may have been done without notice to the appellant members of the convention.

■■ It seems quite clear to us that the objections to the person appointed are not available on this appeal. No complaint whatever was made of him in the application to abate the receivership, and nothing seems better settled in the authorities than that facts proven, but not alleged, cannot be made the basis of a judgment. Hughes v. McFarland, 60 Tex. Civ. App. 187, 128 S. W. 172. The statute (article 2211) requires that judgments of the courts shall conform to the pleadings, and, as held in Dalton v. Davis, 1 S. W.(2d) 571, by Section A of the Commission of Appeals, a failure of a judgment to conform to the pleadings is not cured by evidence.

On the whole, we conclude that no reversible error has been shown, and that the judgment of the court below must be affirmed.