### GRACE v. BUHRMAN–PHARR HARDWARE CO. et al.

#### No. 4177.

Court of Civil Appeals of Texas. Texarkana.

Dec. 24, 1931.

Saye, Smead & Saye, of Longview, and Crumpton & Crumpton, of Texarkana, for appellant.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellees.

SELLERS, J.

This suit was instituted by the appellees in the district court of Bowie county, Tex., to recover an indebtedness due them of several thousand dollars by appellant and one R. S. Meadows, a defendant in the lower court but not a party to this appeal, and further sought to foreclose a deed of trust lien and several materialmen's liens upon certain property securing said indebtedness; the property being located in Longview, Gregg county, Tex., and used as a hotel.

The petition further alleged:

"The plaintiffs further allege that the indebtedness due by them, and each of them, is long since due and wholly unpaid; that the said defendants, W. G. Grace and R. S. Meadows, are each and both insolvent, and that the plaintiffs, and none of them, have no security for the payment of their indebtedness, except the property hereinabove described. That the said hotel building located upon the property hereinabove described is a wooden structure, and is constantly deteriorating in value, and on account of the character of patronage, frequenting it in the operation of the hotel therein by the said W. G. Grace, is liable, as plaintiffs verily believe and allege, at any time to be destroyed by fire.

"The plaintiffs further show that the conditions of the said deed of trust so executed by the defendants as aforesaid, on account of the aforesaid actions and attitude of said W. G. Grace, have not been performed, and are impossible of performance, and that the property hereinabove described, taking into consideration the lien existing thereon, which is prior to that of the plaintiffs herein, is insufficient in value to discharge the indebtedness due to these plaintiffs, and that on account of

the antagonistic attitude which has been recently assumed by the defendant W. G. Grace toward the said H. C. McClerkin, Trustee herein, with respect to the possession of said property, it is imperative, in order to protect the rights of these plaintiffs, that a Receiver of said property at once be appointed by the court to take charge of the same, collect the rents and revenues arising from said property, as well as the sum of $800.00 so held by the said W. G. Grace, and to preserve the same, subject to the future orders of this court."

The petition closes with a prayer for judgment for the amount of the plaintiffs' debt, the foreclosure of the liens, and for the immediate appointment of a suitable person as receiver of the property involved. The petition is sworn to by several of the plaintiffs; the affidavit executed being as follows: "Layman B. Brown, being duly sworn, says that he is Secretary-Treasurer of the Twin City Lumber & Shingle Company, one of the plaintiffs in the above styled and numbered cause, and that he has read and understands the allegations made in the above and foregoing petition, and that such allegations are true except where made on information and belief, and where so made, he verily believes them to be true."

On September 16, 1931, in chambers in Texarkana, Bowie county, Tex., the judge of the Fifth judicial district court, without notice to the appellant in this cause, appointed James L. Martin as receiver of the property involved. On October 5, 1931, James L. Martin qualified as receiver by filing with the clerk of the district court of Bowie county, the required oath and bond.

On October 17, 1931, appellant filed in said cause a verified motion to vacate the order appointing the receiver, which motion was amended on October 21, 1931, and a hearing was had before the judge of said court upon said motion, and the following order was entered by the court:

"In Chambers, October 21, A. D. 1931.

"The motion to vacate the order heretofore entered by the judge of the court of the 5th judicial district appointing a receiver in said styled cause coming on to be heard, and after argument and the law of the case having been submitted, and after due consideration thereof by the Court, the court is of the opinion that said motion to vacate said order appointing a receiver should not be sustained.

"It is therefore the order, judgment and decree of the Court that the motion of the defendant W. G. Grace to vacate the order heretofore made, to-wit: on the 26th day of September, A. D. 1931, appointing a receiver for the properties of the defendant W. G. Grace be in all things overruled, and it is accordingly so ordered. It is furthermore the order of the Court that the costs of this motion to vacate be adjudged against the defendant W. G. Grace, for which execution may issue.

"To which action of the Court the said W. G. Grace did then and there except, and did then and there except and give notice of appeal from the order of the Court appointing a receiver on the 26th day of September, A. D. 1931, in said cause; and also did except to the action and order of the court in overruling the motion to vacate said order of appointment, and did then and there give notice of appeal to the Court of Civil Appeals of the 6th Supreme Judicial District situated and located at Texarkana, Texas, and asked for twenty (20) days time from date of this order in which to perfect the record."

The appellant filed his appeal bond on October 22, 1931, and the case as made is now before this court for review.

■ It will be noted that the order appointing the receiver was entered on September 26, 1931, and the order overruling the motion of appellant to vacate the order appointing the receiver was entered on October 21, 1931, and the appeal bond, which attempts to appeal from both the order appointing the receiver and the order overruling the motion to vacate, was filed on October 22, 1931. Under Article 2250, R. C. S. 1925, one appealing from an order appointing a receiver, or from an order overruling a motion to vacate an order appointing a receiver, must perfect his appeal within twenty days from the date of the order appealed from. The appeal bond in this case was filed more than twenty days after the order appointing a receiver was entered, and was therefore filed too late to perfect an appeal from that order, and this appeal will be treated only as an appeal from the order of the judge overruling appellant's motion to vacate the order appointing the receiver.

■ The petition of appellees is deemed sufficient under article 2293, subdivision 2, R. C. S. 1925, to authorize the appointment by the court of the receiver. Lipow v. Pacific Finance Corporation (Tex. Civ. App.) 34 S.W. (2d) 658.

■ The petition being sufficient to authorize the judge to appoint the receiver, the remaining question is whether such petition was sufficient to authorize the appointment of such receiver without notice to appellant. We will not determine this question. The appellant filed a motion to vacate the order appointing the receiver, and by so doing he waived all questions incident to the appointment of the receiver without notice. Baptist Missionary and Educational Convention of Texas v. Knox et al. (Tex. Civ. App.) 23 S.W. (2d) 781.

The judgment of the trial court is affirmed.