## BATCHELOR v. PACIFIC FINANCE CORPORATION.

### No. 13827.

Court of Civil Appeals of Texas. Dallas.

May 16, 1947.

J. S. Simkins, of Corsicana, for appellant.
Irion & Cain, of Dallas, for appellee.

YOUNG, Justice.

The Pacific Finance Corporation, as assignee, sued W. J. Batchelor in an action of debt to recover balance purchase money for an eight-cylinder Ford two-door sedan purchased by Batchelor from Greenville Motor Sales of Dallas; also, to foreclose a chattel mortgage upon the automobile and have same sold. Plaintiff alleged, among other things, that appellant had not per-

formed the conditions of the mortgage contract, in that, he had failed and refused to pay the installments of purchase money becoming due December 1, 1946, January 1 and February 1, 1947; that the automobile was probably insufficient to discharge the mortgage debt and was in danger of being lost, removed or materially injured; wherefore, appellee prayed for the immediate appointment, without notice to appellant, of a receiver to take possession of and hold the automobile under orders of court. The court appointed a receiver, as prayed, who, as authorized, took possession of the car and at this time has custody of same. .

Appellant did not appeal from the order appointing the receiver, but filed a rather lengthy motion to vacate, alleging substantially that appellee's petition failed to show an emergency or the imminence of irreparable injury to the automobile, or any necessity for the immediate appointment ex parte and without notice, etc.; failed to show that a less harsh remedy could have been pursued, or that appellant was unable to pay the indebtedness, etc. Hearing on the motion to vacate was had on the sufficiency of appellee's sworn allegations and was overruled, to which appellant excepted, gave notice of and perfected this appeal.

Appellant urges but one point of error, as follows: "Appellee's petition being wholly insufficient to authorize the appointment of a receiver ex parte and without notice, in that, said petition did not allege any fact or facts showing an emergency or dire necessity that would require the appointment of a receiver, the trial court was in error in appointing a receiver in this cause and directing him to take charge of appellant's automobile."

█ It is obvious that appellant's point of error is leveled at the original order appointing the receiver; whereas, the appeal was from the order overruling the motion to vacate, which was based on the contention that the ex parte appointment without notice and without a proper showing, was erroneous. Our appellate courts have uniformly held that a motion to vacate, filed under such circumstances, constitutes a waiver of irregularities, if any, in the original appointment. In Lacey v. Dayton Rubber Mfg. Co., Tex.Civ.App., 270 S.W. 916, 917 (application for writ dismissed), Chief Justice Fly, for the San Antonio Court, disposing of an identical question said: "Appellant was not notified of the appointment of the receiver, but came voluntarily into court after the order of appointment, and thereby obtained all the benefits of notice. Notice is usually required before a receiver is appointed, but the appearance of a defendant after the appointment to request a vacation of the order of appointment cures any error in the appointment as to notice. Cotton v. Rand, Tex.Civ.App., 92 S.W. 266; Ripy v. [Redwater] Lumber Co., 48 Tex.Civ. App. 311, 106 S.W. 474; Smith v. Lamon, Tex.Civ.App., 143 S.W. 304." To the same effect, see Baptist .Missionary, etc. v. Knox, Tex.Civ.App., 23 S.W.2d 781, 784; Grace v. Buhrman-Pharr Hardware Co., Tex.Civ.App., 45 S.W.2d 401, 402; San Angelo Hilton Hotel Co. v. Hail Bldg. Corp., Tex.Civ.App., 60 S.W.2d 1049, 1052; Cocke v. Naumann, Tex.Civ.App., 188 S.W. 2d 781, 783.

█ If, however, instead of challenging the correctness of the order appointing the receiver, appellant's point of error had been leveled at the order refusing to vacate, nevertheless, we would feel constrained to overrule the same, for in such a situation the only question presented would be as to the sufficiency of appellee's petition to support the appointment. As said by Judge Norvell of the San Antonio Court in Salas v. Gonzalez, Tex.Civ.App., 181 S. W.2d 821, 822: "Where an appeal is taken from an order appointing a receiver without notice, the question of the sufficiency of the petition to support an appointment without notice is presented. Where the appeal is perfected from an order overruling a motion to vacate the appointment of a receiver, the question upon the pleadings becomes one simply of the sufficiency of the petition to support the appointment of a receiver."

█ Appellee's sworn allegations, in our opinion, were sufficient to authorize the appointment in the instant case; it

being alleged, among other things, that appellant had not performed the conditions of the mortgage contract, in that, he had failed and refused to pay the first three installments of the mortgage debt becoming due, and that the automobile was probably insufficient to discharge the mortgage debt, and in danger of being lost, removed or materially injured. These allegations were sworn to; set up a statutory ground authorizing the appointment of the receiver; and must be accepted as true. (Art. 2293, sec. 2, Vernon's Civ.Statutes; Adams v. Parker, Tex.Civ.App., 120 S.W.2d 1084). And the receiver having been appointed under the statutory ground set up in subd. 2 of art. 2293, Vernon's Ann.Civ.St., it was not incumbent upon appellee to allege an excuse for not having pursued a less harsh remedy or to show that the appellant was insolvent, etc. The right to the appointment of a receiver being statutory, was not dependent on the general rules of practice in courts of equity. (Shaw v. Shaw, 51 Tex.Civ.App. 55, 112 S.W. 124; Lipow v. Pacific Finance Corp., Tex.Civ.App., 34 S.W.2d 658; Hursey v. Hursey, Tex.Civ. App., 147 S.W.2d 968.

We think the judgment of the court below was correct, hence is affirmed.