## McMILLAN v. NORTH AMERICAN BUILDING & LOAN ASS'N.
### No. 11839.

Court of Civil Appeals of Texas. Dallas.
Sept. 22, 1934.

Rehearing Denied Oct. 20, 1934.

Juergens & Jones and George C. Cochran, all of Dallas, for appellant.

John C. Read and Earl A. Forsythe, both of Dallas, for appellee.

BOND, Justice.

Appellee, North American Building & Loan Association, instituted suit in a district court of Dallas county against appellant, Susie McMillan, and her husband, James McMillan, on two notes, each in the sum of $1,600, dated June 3, 1932, payable in monthly installments on the 10th day of each and every calendar month thereafter, and providing that, in case of default in the payment of any installment or interest, and if default shall continue for sixty days after the due date, at the option of the legal holder thereof, the whole amount of the notes then unpaid shall at once become due and payable; to foreclose deeds of trust given on land to secure the payment of said notes, containing provisions for the payment of the note and interest, and further providing for the payment of taxes and insurance on the property, and an accelerated clause for the maturity of the notes and lien, and it asked for the appointment of a receiver, under the provisions of article 2293, R. S. 1925, claiming that the conditions of the notes and deeds of trust have not been performed, and the mortgaged property is probably insufficient to discharge the mortgage debt.

On hearing of the application for the appointment of a receiver, the defendants having received notice and filed answer, the court appointed a receiver to take charge of and rent the property described in the deeds of trust, until further orders of the court. From this order, Susie McMillan alone appealed.

█ The pleadings and evidence clearly bring this case within the purview of the statute, article 2293, empowering a court to appoint receivers where a debtor is in arrears or in default in the performance of the obligations imposed upon him by the terms of his note and deed of trust, and that the property mortgaged is probably insufficient to discharge the indebtedness.

The testimony in this record reveals the existence of every prerequisite for the appointment of the receiver: (1) Both notes, each in the amount of $1,600, are in default, and have been in default for more than a year, and that there is due on each in excess of $2,000, making a total amount due on both notes in excess of $4,000; (2) the total amount of the security is not sufficient to discharge the indebtedness; and (3) the covenants of the deeds of trust, as to the payment of interest, installments, insurance, and taxes, have not been performed.

162

Appellant contends that, appellee being a building and loan association, a creature of law, the appointment of a receiver is limited, and restricted by Vernon's Ann. Civ. St. art. 881a—38, Acts 1929, 41st Leg. (2d Called Sess.) c. 61, § 39. This article provides that, in case the borrower becomes in arrears or in default of the performance of any of the obligations imposed on him by the association, or by the terms of the notes and deeds of trust, and when it shall continue for a period of two months, the pledged shares of stock in the association may be, by the board of directors, declared forfeited, the whole amount of the loan due and payable, and its collection, together with all charges, premiums, and fines, may be enforced by proceeding upon the security held by the association, in accordance with law. We think this article is in harmony with article 2293, above cited, and specifically provides for the mortgagee the right to proceed, according to law, for the purpose of collecting his indebtedness, and one of the remedies given a mortgagee is that of having a receiver appointed when the predicate therefor is properly laid, which we think in this case has been done.

Appellant further contends that, in the absence of evidence showing the action of the board of directors for appellee association, declaring the indebtedness due and payable, as required by the statute cited above, the necessary prerequisite for the appointment of the receiver is not shown. We think the defaulting of the provisions of the notes and deeds of trust, as to the payment of the installments, interest, taxes, and insurance, and the institution of the suit to enforce collection, in the absence of pleading and proof to the contrary, raises a presumption of the order of the directors declaring the maturity of the indebtedness and evidences authority of the association to apply for the appointment of receiver, and, where the necessary predicate is laid, as required by the provisional receivership statute, the court was empowered to make the appointment.

The appointment of a receiver on a hearing, after notice, is largely a discretionary matter with a trial court, and should not be disturbed, unless abuse is clearly shown, so, in this case, there being no contention made by appellant that the court abused its discretion in making the appointment, and the evidence does not reveal such, therefore the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.