### BEAN v. PEURIFOY.

No. 11904.

Court of Civil Appeals of Texas. Dallas.

Oct. 13, 1934.

Rehearing Denied Nov. 3, 1934.

See, also, 74 S.W.(2d) 126.

Bartlett, Thornton & Montgomery, of Dallas, for appellant.

Hardy & Peurifoy, of Dallas, for appellee.

BOND, Justice.

Appellee, P. G. Peurifoy, filed suit in a district court of Dallas county against appellant, Mack Bean, upon a promissory note in the sum of $1,000, with interest and attorney fee, and to foreclose a mortgage on furnishings and fixtures in the Glen Rose Hotel, in Glen Rose, Tex. The cause of action is based on a verified petition, and, among the allegations, appellant asked for the appointment of a receiver to take charge of the mortgaged property during the pendency of the suit, on the statutory provisional grounds (article 2293, subd. 2) that the mortgaged property is in danger of being lost, removed, or materially injured, that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt.

The court entered an order, appointing a receiver ex parte, and directing appellant to appear at a subsequent date, to show cause why the receivership should not continue. In response to the order, appellant entered his appearance, and moved, by verified answer, to vacate the order, denying the existence of any statutory cause for the appointment of the receiver, and specially alleging that the note sued upon is tainted with a usury transaction, such as that appellee was not entitled to invoke the equitable power of a court in the appointment of the receiver for the collection of his indebtedness.

This appeal is predicated on the order of the court refusing to vacate the receivership.

Appellant seeks to discredit, by pleadings and proffered testimony, the legal effectiveness of the note in suit, and his liability thereon, such as not to warrant the appointment of the receiver, on the ground that the note was executed and delivered by him to one H. C. Hall, to enable Hall to borrow a certain sum of money from appellee, and to use appellant's note and mortgage as collateral security therefor, that Hall did borrow of appellee the sum of $500, executing his own note therefor, and assigned appellant's note as collateral for the indebtedness, and that appellee, in the making of the loan to Hall, exacted of him usurious rate of interest, in that he advanced to Hall the sum of $400 upon the $500 note, and thereafter Hall paid $50 on the loan, which payment, with an allowance of the unlawful usurious interest charge, leaves a balance of $350 due to appellee by the said Hall. It is not contended by appellant, by pleadings or evidence, that he did not execute the note sued on, that he did not receive full value for the execution thereof, and that appellee was not an innocent purchaser for value. It is evident that the pleadings and proffer describe a separate and distinct transaction from the execution of the note involved in this suit. Appellant was in nowise concerned in the alleged contract between appellee and Hall; thus, not being a party to the alleged usurious transaction, he paid no interest, nor assumed any liability thereon.

■■ Whatever statutory right or penalty may be attached to the alleged transaction, it alone involves appellee and the other alleged usurious contracting party, and will not inure to the benefit or detriment of a stranger to the transaction. The remedies of one paying usurious interest are personal to him, and he alone may recover the statutory penalties and exact the remedies flowing from such transaction. Appellant, being without the purview of the usury statute, is not entitled to appeal to the equitable powers of a court, based on rights and remedies of a stranger to the suit, to effectually vacate the order appointing the receiver.

■ This action, being purely a provisional receivership, under subdivision 2, art. 2293, R. S. 1925, which provides that the allegation and proof shall be to the effect that "the property is probably insufficient to discharge the mortgage debt," presents alone that issue on this appeal. On the hearing in the court below, to vacate the order appointing the receiver, the inadequacy of the security was a sharp conflicting issue. Appellant's testimony is in essence that the mortgaged furniture and fixtures were adequately sufficient to discharge the mortgage debt, whilst that of appellee was to the contrary. We must therefore presume that the trial court, whose duty it was to determine the conflicting issue, committed no abuse of discretion in appointing the receiver and/or refusing to vacate the appointment, and that its findings are correct. We fail to find, in this record, any ground that would justify this court in interfering with the judgment of the trial court. The trial court heard the evidence, judged the credibility of the witnesses and the weight to be given their testimony, and found that the appointment of the receiver was justiciable; therefore the order appointing the receiver should not be disturbed, viewing the record in the light of the rule that "the appointment of a receiver is largely a matter of discretion of the trial court."

The judgment or order appealed from is affirmed.

Affirmed.