## ADAMS v. PARKER.

### No. 3749.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1938.

Rehearing Denied Oct. 27, 1938.

Allen & Allen, of Dallas, for appellant.

Mike Reinhardt and Carl Miller, both of Rockwall, and Homer Stimson, of Royse City, for appellee.

NEALON, Chief Justice.

J. H. Parker, appellee, brought suit in the District Court of Rockwall County against W. H. Adams, appellant, to foreclose two deeds of trust conveying described lands in said county to a trustee to secure the payment of certain notes executed by Adams and payable to Parker. The total amount due upon said notes was approximately $27,000. The entire debt was past due and unpaid. Suit was filed September 30, 1937. Thereafter defendant filed an answer. On November 6, 1937 plaintiff below filed an application for the appointment of a receiver, alleging, as in the original petition, that the debt was past due and unpaid, and further alleging that under the terms of the deeds of trust defendant agreed to pay all taxes levied or assessed against the property before they should become delinquent and to pay the interest on the notes annually as it accrued; that defendant permitted the city taxes of the City of Royse, within the limits of which the property was situated, to become and remain delinquent and failed and refused to pay the annual interest on

the notes, with the result that all of the interest accumulated since the date of the notes and deeds of trust was delinquent, and that the property was insufficient to discharge the mortgage debts. After a hearing at which it was proved that the conditions as to payment of taxes and of the annual interest as well as of the principal had not been performed, and at which there was evidence that the total value of the property was more than $15,000 less than the amount of the secured debt, the court, on November 6, 1937, entered an order appointing a receiver with authority to take immediate possession of the property, manage, control, rent and lease the same, collect the rents, make all necessary repairs and pay all taxes. This appeal is from said order.

### Opinion.

Appellant seeks to reverse the judgment of the trial court and urges as grounds for reversal that the rules of equity should control the appointment; that a necessity for the appointment must be shown, and that no such necessity appears when it is shown that the property has enhanced and increased in value between the time of the execution of the mortgage and the filing of the application for the appointment of a receiver. It is evident that in seeking the appointment of a receiver appellee was proceeding under paragraph 2 of Art. 2293, R.C.S.1925, which provides that a receiver may be appointed "in an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt."

The non-payment of taxes and of the annual installments of interest when due constitute failures to perform conditions of the mortgage, and the evidence was ample that the property was inadequate security for the debt. These facts brought the case within the purview of the statute. De Berrera v. Frost, 33 Tex.Civ. App. 580, 77 S.W. 637. Most of the cases cited by appellant treat of the appointment of a receiver upon an ex parte hearing. That is not the situation here presented. There was a full hearing. The action of the court in the instant case does not come within the principles enunciated in the cited cases. The right to a receiver is determined by the statutory provisions rather than by the rules of equity in respect thereto. It is as to procedure that the rules of equity control. Zanes v. Lyons, Tex.Civ. App., 36 S.W.2d 544, at page 547.

Under the allegations made and facts proved, we cannot say that the trial court abused its discretion in making the appointment. McMillan v. North American B. & L. Ass'n, Tex.Civ.App., 75 S.W. 2d 161; Bean v. Peurifoy, Tex.Civ.App., 75 S.W.2d 489.

Judgment is affirmed.