SIMPSON et al. v. ALEXANDER.
(No. 4553.)

(Court of Civil Appeals of Texas. Austin.
March 3, 1916.)

APPEAL AND ERROR ☞621(3)—LIMITATIONS—
CONSTRUCTION WITH REFERENCE TO OTHER
STATUTES.

Vernon's Sayles' Ann. Civ. St. 1914, art.
2079, provides that an appeal will lie from an
interlocutory order of the district court appoint-
ing a receiver or trustee in any cause, provided
such appeal be taken within 20 days from the
entry of such order. Article 1608 provides that
in all cases of appeal the transcript shall be
filed within 90 days after the appeal is per-
formed. The defendants filed exceptions to an
order appointing a receiver, gave notice, and fil-
ed a supersedeas bond within 20 days from the
entry of the order, but did not file the transcript
until later. Held, that the appeal was perfect-
ed upon the notice and filing of the bond, and
that the transcript, not being necessary to an
appeal, could be filed, under article 6108, within
90 days after the appeal bond was taken, in
view of the history of legislation as shown by
articles 2084, 2099, 2105, 2108, 4644, 6401, and
chapter 20 of title 37, the transcript not being
mentioned in describing the steps necessary to
take appeal, the delivery of the transcript not
being authorized until an appeal has been per-
fected, and in two instances the Legislature hav-
ing provided that a transcript be filed in less
than 90 days, indicating that if it was not in-
tended that article 6108 should govern, an ex-
press provision for the filing of the transcript
would have been included in article 2079.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 2730; Dec. Dig. ☞621(3).]

Appeal from District Court, Burnet Coun-
ty; N. T. Stubbs, Judge.

Action by C. H. Alexander against John N.
Simpson and others. From an order appoint-
ing a receiver, on motion of the plaintiff, the
defendants appeal. Rehearing granted after
affirmance on certificate.

H. W. Allen, of Dallas, White, Cartledge &
Graves, of Austin, and Adams & Stennis, of
Dallas, for appellants. W. H. Clark and Bird
& Bird, all of Dallas, for appellee.

RICE, J. On the 10th of August, 1915,
Hon. N. T. Stubbs, judge of the Thirty-Third
judicial district, in chambers during vacation,
upon the application of appellee, appointed
E. M. Turner, of Dallas, receiver to take
charge of certain properties involved in this
litigation, upon his giving bond in the sum of
$50,000, conditioned as required by law, which
order was subsequently modified on the 17th
of August, 1915, but continuing said receiver-
ship in force. Both of these orders were filed
and entered of record by the clerk, the first
on the 11th of August, 1915, and the latter
on the 17th of said month. Turner, the re-
ceiver, qualified on the 12th of August, 1915,
by giving bond and taking the oath, as requir-
ed by law. On the 27th of said month, ap-
pellants filed exceptions to the order appoint-
ing the receiver, and gave notice of appeal
therefrom to the Court of Civil Appeals, and
on the last-named day filed their supersedeas
appeal bond in the amount fixed by the court,

conditioned as required by law, which was
duly approved by the clerk of said court.

On October 30, 1915, no transcript having
been filed in this court by appellants, appellee
filed and presented his motion to affirm the
case on certificate, alleging the facts above
set out. Appellants resisted said motion to
affirm on certificate, chiefly on the ground
that they had 90 days from and after the fil-
ing of their appeal bond within which to file
such transcript here, in accordance with arti-
cle 1608, Vernon's Sayles' Rev. Civ. Statutes,
vol. 1; while appellee contended that such
transcript must be filed in this court within
20 days from the entry of the order appoint-
ing the receiver, citing in support of his view
article 2079, Vernon's Sayles' Civil Statutes,
vol. 2, which provides that:

"An appeal shall lay from an interlocutory
order of the district court appointing a receiver
or trustee in any cause; provided, such appeal
be taken within twenty days from the entry of
such order. An appeal under such cases shall
take precedence in the appellate court; but the
proceedings in other respects in the court below
shall not be stayed during the pendency of the
appeal, unless otherwise ordered by the appellate
court."

On a former day of this term we granted
the motion to affirm on certificate, holding in
accordance with appellee's contention that
the expression in article 2079 of Vernon's
Sayles' Civil Statutes, vol. 2, "provided such
appeal be taken within twenty days from and
after the entry of such order," meant that
the transcript should be filed in this court
within such time—which was not done. Up-
on an able and elaborate presentation of
their side of the question in this controversy
in their motion for rehearing, appellants have
convinced us that we were in error in so hold-
ing. We now therefore withdraw our former
opinion and hold that appellants, in the in-
stant case, in accordance with article 1608,
supra, had the right to file their transcript
with the clerk of this court within 90 days
from the performance of said appeal, and, in
support of this view, we adopt as our opinion
the argument of appellant's counsel on mo-
tion for rehearing, as follows:

"It is the contention of the appellants that the
phrase, 'provided such appeal be taken within
twenty days from the entry of such order,' found
in article 2079, does not refer to the date of the
filing of the transcript in the Court of Civil Ap-
peals, and does not mean that the transcript
shall be filed in the Court of Civil Appeals with-
in 20 days from the date of the entry of the or-
der appointing a receiver, but means that such
steps as are necessary to confer jurisdiction
upon the court to hear and determine the ap-
peal shall be taken within said period of time.
Our contention is that there is no substantial
difference between taking an appeal and perfect-
ing an appeal. In view of other articles of the
statute defining what is meant by taking an ap-
peal, we think it is quite clear that, when no-
tice is given and an appeal or supersedeas bond
is filed, an appeal is taken within the meaning
of the statute; and that, since article 2079 is
silent as to when the transcript shall be filed in
such cases, the statute authorizing the same to
be filed within 90 days after the appeal is per-

fected should govern. Had it been the intention of the Legislature, when it enacted article 2079, that the transcript should be filed in the appellate court within 20 days after the order appointing the receiver is made, there would have been some language indicating that fact, as is the case in the provision with reference to appeals in quo warranto proceedings. That statute, article 6401, provides: 'Every person or corporation who shall be cited as hereinbefore provided shall be entitled to all the rights in the trial and investigation of the matters alleged against him, as in cases of trial of civil causes in this state; and, in cases of appeal to which either party shall be entitled, the said court shall give preference to such case and hear and determine the same at the earliest day practicable; and all such appeals shall be prosecuted to the term of the court in session, or the first term to be held, if not in session, after judgment has been rendered in the district court.' The Legislature in this statute made it clear when the appeal should be heard. The article quoted not only provides for the appeal, and that the courts shall give preference to the same as it does in the article in question, but it further provides that the appeal shall be heard and prosecuted to the term of court in session or the next succeeding term.

"Article 4644, provides for appeals from the interlocutory orders granting a temporary injunction, and, like article 2079, it provides that the appeal shall not have the effect of suspending the enforcement of the order appealed from, unless it shall be so ordered by the court or the judge, who enters the order. And it further provides that the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than 15 days after the entry of the record of such order or judgment granting, refusing, or dissolving such injunction. Here, too, the Legislature made it clear that the transcript should not be filed as in ordinary cases, but should be filed within 15 days after the entry of record of the order appealed from. It seems to us that, had the Legislature intended that the transcript in appeals from orders appointing receivers should be filed within 20 days from the entry of such order, it would have so indicated by express language. The Legislature, in effect, provides that the proceedings authorized in article 6401 with reference to quo warranto, and in article 4644 with reference to appeal from interlocutory orders granting and refusing injunction, shall have preference in the appellate court, but, in addition to that, each of said articles expressly provides when the transcript shall be filed. Article 4644 makes such provision in express language, and article 6401 does so by requiring that appeal should be heard by the Court of Civil Appeals during the term in session at which the appeal is taken, or at the next succeeding term. Article 2079 under consideration is found in title 37, c. 20, with reference to practice in the district and county courts. And we believe that article 2084 of the same title and chapter upon the same subject defines what is meant by the phrase 'such appeal should be taken within twenty days from the entry of such order.' Article 2084 provides that: 'An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term.' This article provides that an appeal is taken by giving the notice and executing the bond required within 20 days after the expiration of the term. Article 2079 does not provide for a notice of appeal, but provides that the appeal may be taken in 20 days after the entry of the order appointing a receiver, being the same length of time allowed for the filing of an appeal bond after the expiration of a term of court during which judgment had been rendered. It is therefore manifest, it seems to us, that the phrase with reference to the taking of appeal contained in article 2079 means that the appellant shall have 20 days in which to give notice and file the bond after the granting of the order appointing a receiver. The reason for such construction is that when a receiver has been appointed without notice, as in the instant case, a number of days might elapse before the party whose property is placed in the hands of a receiver is advised of the action of the court, and a reasonable time should be allowed in which to look into the matter and arrange about giving the required bond. It is not at all impossible nor improbable that where a receiver is appointed without notice, as in this case, the person or corporation whose property is affected by such appointment might not even learn of the appointment until the expiration of 15 or 18 days, and the construction placed by this court upon article 2079 would in effect deprive the interested parties of the right to appeal, for it would be humanly impossible to give the bond, prepare and file the record in the Court of Civil Appeals after the appellant had received notice of the action of the court.

"Our position, we think, is strengthened and fortified by the provisions of article 2099 of the Revised Statutes as to when an appeal or writ of error shall be regarded as having been perfected. That article provides: 'When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, had been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected.' The requirements referred to are the giving of the notice, filing of the bond, in cases of appeals, and the service and return of citation, etc., in cases of writs of error. We believe that it is clearly apparent from all of our statutes upon the subject of appeals that the filing of the transcript in the appellate court is no part of the proceedings necessary to take an appeal, but the filing of the transcript is but a step in the prosecution of the case on appeal which is taken when notice and bond are given within the time prescribed by the statute. Article 2105 exempting state, counties, railroad commission, etc., from the necessity of executing a bond upon appeal, provides that neither the state, county, etc., mentioned in said article 'shall be required to give bond on any appeal or writ of error taken by it, or either of them in any civil case.' It certainly cannot be, and will not be, contended that the 'appeal or writ of error taken' referred to in said article 2105 is not complete or perfected until the transcript of the record shall have been filed in the appellate court.

"We contend that an appeal must be taken and perfected before the transcript is prepared, and that the transcript in no case adds anything to, or takes anything from, the proceedings necessary to 'take and perfect' an appeal, for the clerk of the lower court is not authorized to prepare a transcript in any case until after the appeal has been perfected. This is shown by the provisions of article 2108 of the Revised Statutes with reference to the preparation of transcript in the following language: 'When an appeal or writ of error has been perfected, the clerk of the court shall, upon the application of either party, make out, and deliver to him, a transcript of the record of the case.' To hold that the preparation of the transcript or the filing of the same constitutes any part of the proceedings necessary to the taking of an appeal in any case does violence to, and is in conflict with, the statutory provisions upon that subject above referred to. It is true the articles of the stat-

ute last above referred to with reference to appeals do not in express terms refer to article 2079 under consideration, but they serve to furnish a definition of and to show the legislative meaning of the phrase contained in said article 2079 with reference to the taking of an appeal, and we submit that the last step in 'taking an appeal' is the filing and approval of the appeal or supersedeas bond, and not the filing of the transcript in the appellate court, and that the court erred in holding in this case that the appeal was not taken until the transcript was filed in the Court of Civil Appeals, and that failure to file the same within 20 days deprived the appellants of their right to appeal.

"We contend that the court acquired jurisdiction of this case when the supersedeas bond was filed and approved, and that nothing further was necessary to confer jurisdiction upon the court; but if, as the court holds, the right of appeal was lost unless transcript was filed in this court within 20 days after the entry of the order appointing the receiver, and that it was necessary to file the transcript before the appeal was actually taken, the court had no jurisdiction of the matter and had no jurisdiction to affirm upon certificate, and instead of affirming the case the same should have been dismissed, which, of course, so far as appellant is concerned, would have been equivalent to affirming on certificate. But the suggestion is made for the purpose of emphasizing the point that the filing of the transcript was not part of the procedure in taking and perfecting the appeal.

"We submit that the appeal is taken in the trial court, and that the appellate court acquires jurisdiction of the cause only after the same has been transferred by appeal to that court. Chapter 20 of title 37 of the Revised Civil Statutes governing the practice in the district and county courts contains a complete statement of the steps necessary to the taking or perfecting of an appeal. We find no provision in that chapter requiring the filing of the transcript in the Court of Civil Appeals. When we turn, however, to the chapter governing the practice in the Court of Civil Appeals, we find that article 1608 requires the filing of the transcript in the Court of Civil Appeals within 90 days from the performance of the appeal. In the scheme of practice and procedure governing civil cases in the trial and appellate courts in this state, we find therefore that as a part of that scheme the filing of the transcript is contemplated as one of the steps to be taken after the case has been appealed, and the statutory requirement with reference to the filing of the transcript logically is found in the chapter relating to the practice and procedure in the appellate court.

"If the construction placed upon article 2079 by this court is correct, we have the anomalous condition of being required to take an appeal after the statute says the appeal has already been perfected and has already been performed. There is no provision to be found anywhere in the statutes stating the time in which transcripts of the record on appeal from interlocutory orders appointing receivers shall be filed, other than the article 1608, above referred to. The time in which a transcript on appeals from interlocutory orders granting or refusing injunctions is clearly pointed out in the article of the statute upon that subject, and it clearly appears from the article of the statute pertaining to quo warranto that the transcript must be filed and the case must be heard and determined at the term of the appellate court in session when the appeal is taken, or at the next term. But article 2079 is silent as to when the transcript shall be filed. Being silent upon that subject, it seems to us that it necessarily follows that article 1608 should govern in this and similar cases, for it provides that, in all cases of appeal,

the transcript shall be filed within 90 days from the performance of the appeal. And it necessarily follows that 90 days after the performance of appeal is allowed in all cases except such as are expressly exempted or excepted from that article. And the only instances excepting are appeals from interlocutory orders granting or refusing injunctions and in quo warranto proceedings.

"We respectfully submit that, by invoking and enforcing the provisions of article 1610 of the statute authorizing an affirmance on certificate, this court has necessarily recognized the fact that an appeal has been taken in this case. We call the court's attention specifically to the language of article 1610 authorizing the filing in the Court of Civil Appeals of a certificate of the clerk of the district court in which the appeal may have been taken; the very certificate which is required to be filed as a basis for the affirmance under article 1610 is required to state the time when the appeal was perfected. We do not complain of this court's action in assuming jurisdiction of this case. We concede that jurisdiction attached in the Court of Civil Appeals upon the filing of the supersedeas bond, but we likewise think that the jurisdiction did not attach until the appeal to this court was perfected or taken by the filing of said supersedeas bond; and article 1608, providing that in all cases of appeal transcript shall be filed within 90 days after the appeal is performed, and there is no exception in the statute with reference to appeals from interlocutory orders appointing receivers; the transcript can be lawfully filed and was lawfully filed 90 days after the appeal was perfected, and the court erred in affirming upon certificate, as hereinbefore contended."

For the reasons above stated, we grant the motion for rehearing and set aside our former judgment affirming this case upon certificate, and now overrule the motion to affirm on certificate, and direct the clerk of this court to file said transcript as of the day it was received by him.