MERCHANTS' TRANSFER CO. et al. v. HILDEBRAND. (No. 5940.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1918.)

1. APPEAL AND ERROR ⬤⟿351(2) — APPEAL FROM INTERLOCUTORY ORDER APPOINTING RECEIVERS — TIME FOR FILING BOND AND TRANSCRIPT.

Under Rev. St. 1911, art. 2079, regulating appeal from an interlocutory order appointing a receiver, the appeal bond and not the transcript of the record must be filed within 20 days after the appeal is perfected.

2. CORPORATIONS ⬤⟿553(1)—APPOINTMENT OF RECEIVER — PLEDGE OF CORPORATE STOCK — INJUNCTION.

Where the pledgor of corporate stock could obtain adequate relief by an injunction restraining the pledgee from disposing of the stock and the corporation from transferring it on its books pending litigation, he cannot have a receiver appointed.

3. CORPORATIONS ⬤⟿553(1) — REMEDY OF STOCKHOLDER — MISMANAGEMENT — FRAUDULENT APPOINTMENT OF RECEIVER.

Where corporate stock pledged by the stockholder was wrongfully voted by the pledgee at a stockholder's meeting, whereby an amendment to the charter was procured authorizing the corporation to embark on a hazardous business not authorized by its original charter, the pledgor's remedy by suit for injunction against or to set aside any action by the corporation under the amendment was adequate, and a receivership should be denied.

4. CORPORATIONS ⬤⟿553(1) — STOCKHOLDERS' RIGHTS—APPOINTMENT OF RECEIVER.

Injunction was an adequate remedy for a corporate stockholder complaining that certain contracts were about to be made by the company to launch it into a hazardous business authorized by an amendment to its charter improperly procured by a pledgee's voting the stockholders' stock, and there was no ground for a receiver.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Petition for receivership by H. E. Hildebrand against the Merchants' Transfer Company and others. From an interlocutory order appointing receiver, the company and others appeal. Order reversed, set aside, and receivership vacated.

Cobbs & Cobbs and Marshall Eskridge, all of San Antonio, Terry, Cavin & Mills, of Galveston, and F. C. Davis, of San Antonio, for appellants.

MOURSUND, J. This is an appeal by the Merchants' Transfer Company, a corporation, from an interlocutory order appointing a receiver to take charge of its properties, such order having been granted without notice upon the petition of H. E. Hildebrand against said company, John M. Roberts, and J. A. Robertson, alleging that plaintiff has been engaged in the transfer business in San Antonio for ten years, as the owner of a majority of the capital stock of two corporations, the Carter Mullaly Transfer Company, organized for and limited by its charter to the transportation of passengers and baggage, and the Merchants' Transfer Company, organized for and limited by its charter to the purpose of handling freight; that defendants Roberts and Robertson conspired to oust plaintiff from the ownership, management and control of said companies, and, pursuant to such design, brought about the borrowing of $10,000 from Robertson by the Carter Mullaly Company, and afterwards the further sum of $15,000, and Roberts mismanaged the affairs of said company and it ceased to make any money; that plaintiff had become heavily indebted for real estate and needed $10,000 to pay a debt to the West Texas Bank & Trust Company, whereupon Robertson loaned him said sum, and in order to secure the repayment of the sum required plaintiff to pledge him 270 shares of the capital stock of the Merchants' Transfer Company owned by plaintiff, which was a majority of the capital stock of said company, and also to pledge certain notes; that while plaintiff was struggling to get his affairs in shape to liquidate his indebtedness and rehabilitate the disorganized affairs of the Carter Mullaly Transfer Company, resulting from Roberts' management, the defendants maliciously, for the purpose of carrying out their plan of getting control of the companies, went into the district court at Galveston, and on April 20, 1916, prevailed on the court to appoint a receiver for said Carter Mullaly Transfer Company; that said defendants and their receiver then took charge of said company and operated same up to March 29, 1917, when they were compelled to deliver possession of all property to A. C. Burnett, who had been appointed trustee in bankruptcy for said company; that the principal value of the Carter Mullaly Transfer Company consisted in certain traffic arrangements and contracts with the railroads entering San Antonio for the transfer of passengers and baggage, and said defendants began to negotiate with such railroads for said contracts for themselves, making false representations concerning the Carter Mullaly Transfer Company and claiming to be seeking the same for the Merchants' Transfer Company, well knowing that said company was chartered only for handling freight; that plaintiff then ascertained that Robertson was claiming said 270 shares of stock in the Merchants' Transfer Company as his own, and had procured the transfer thereof to himself on the books of the company; that notwithstanding Robertson knew plaintiff never intended that said company should ever be chartered for the purpose of transporting passengers, baggage, and mail, on January 25, 1917, he unlawfully voted said stock at a pretended meeting of stockholders of said company, of which plaintiff was not notified and at which he was not present, and undertook by a resolution unlawfully passed at such meeting to amend the charter of such corporation so that it would have the legal right to transport passengers,

baggage, or mail, and be legally authorized to contract with reference thereto; that after the passage of such resolution it was falsely certified to the Secretary of State, as the act of said corporation, and thereupon said official, on January 29, 1917, issued an amendment to the charter of said Merchants' Transfer Company undertaking to authorize it to engage in the business of transporting passengers, baggage, and mail; that, pursuant to said falsely obtained authority, defendants, purporting to act for and represent the defendant Merchants' Transfer Company, have negotiated contracts, so plaintiff is informed and believes, with the railroads entering San Antonio, by the terms of which the Merchants' Transfer Company will engage in the business of transferring passengers, baggage, and mail; that the equipment of said company is not suitable for such business, and in order to engage therein a large sum, probably $25,000, will be required to be expended for suitable equipment, and plaintiff is informed and believes that Robertson has already advanced a large part of the money required for that purpose; and that, as said company is inexperienced in such business and wholly unfit to conduct it and is about to incur such large obligations, it is in imminent danger of insolvency, and unless a receiver is appointed said company will be destroyed and plaintiff will lose his stock therein. Plaintiff averred his willingness to pay Robertson the debt secured by said 270 shares of stock and alleged a tender and offer to do so. He also alleged the value of the stock, and that the company was being grossly mismanaged by Roberts and Robertson. It was further alleged that if the company is managed as plaintiff fears it will be, and as Roberts is threatening to do, it will become wholly bankrupt. There are other allegations, but we have stated the case sufficiently as made by the petition.

[1] Appellee contends this court is without jurisdiction because the record was not filed within 20 days after the appeal was perfected. Article 2079 has been construed to mean that the appeal bond shall be filed within 20 days and not the transcript. Simpson v. Alexander, 183 S. W. 852. In view of the impression which appears to prevail with the members of the bar that the transcript in such cases should be filed within 20 days, we have given the contention of appellee careful consideration, but find no support for such contention.

The provision allowing an appeal from an interlocutory order appointing a receiver was first made by the act approved April 13, 1892, known as chapter 17, 1st Called Sess. 22d Leg. Gammel's Laws, vol. 10, p. 406. In that act a number of articles of the statutes are amended, among them article 1387 (R. S. 1879), which provided that an appeal may be taken by giving notice of appeal and filing the appeal bond. If those steps were sufficient theretofore and under that act to constitute the taking of an appeal, it would seem that when the Legislature allowed appeals from orders appointing receivers, provided said appeal be taken within 20 days from the entry of the order, it did not mean provided the transcript is filed within 20 days from the entry of the order. There is a provision giving such appeals precedence in the appellate court, but we cannot, upon the strength of such provision, deduce an intention to use the language, "provided said appeal be taken," in a different sense than was given it in article 1387. The motion to dismiss the appeal is overruled.

[2-4] The case, as it affects the Merchants' Transfer Company, may be stated as follows: (1) That the pledgee of stock had it transferred on the books of the corporation, and the pledgor seeks to redeem the stock and recover possession thereof. If necessary, he could obtain an injunction restraining the pledgee from disposing of the stock and the corporation from transferring it on its books while the litigation is pending. Cook on Corporations (7th Ed.) § 475. (2) It is alleged that the stock was wrongfully voted at a stockholders' meeting, and that thereby an amendment to the charter was procured, and that the corporation is about to embark upon a business not authorized by its original charter, but authorized by such amendment. In such cases it appears that the remedy is a suit in equity to obtain an injunction against or to set aside any action by the corporation under the amendment. Cook on Stock and Stockholders (3d Ed.) § 502; Cook on Corporations (5th Ed.) § 501. (3) It is alleged that certain contracts are about to be entered into on behalf of the corporation for the purpose of launching it into the business authorized by the amendment, and that for it to make such contracts and engage in such business would bring on bankruptcy. Here again it appears injunction would be an adequate remedy.

There is no ground stated in the petition sufficient to justify the appointment of a receiver to take charge of the Merchants' Transfer Company. The following cases are cited in support of our holding: People's Investment Co. v. Crawford, 45 S. W. 738; Toomey v. First Mortgage Trust Co., 177 S. W. 540; Continental Trust Co. v. Brown, 179 S. W. 939.

The order of the court appointing the receiver is reversed, set aside, and the receivership vacated.