## STUBBS v. THOMASON et al.*
### No. 14487.

Court of Civil Appeals of Texas. Dallas.
Dec. 7, 1951.

Rehearing Denied Dec. 7, 1951.

Odeneal, Herndon & Franklin, Dallas, for appellant.

Wm. Andress, Jr., Dallas, for appellees.

CRAMER, Justice.

This was an appeal from an order of the district court appointing a receiver for certain personal property. Although the receiver qualified, appellant filed a proper supersedeas bond and tendered his record here for filing 52 days after the entry of the order appealed from. The record was at first filed, but on motion to dismiss we held that the time for the filing of the record from an order appointing a receiver is now limited to 20 days after the entry of the order as provided in Rule 385, Vernon's Texas Rules of Civil Procedure, and dismissed the cause for failure to comply with such rule.

Appellant has now filed a motion for rehearing on our order of dismissal, asserting that at the time the new rules were adopted, art. 2250, Vernon's Ann.Civ.St. provided only that the bond (not the record) should be filed in 20 days, and such was the construction placed upon such art. 2250 in the case of Simpson v. Alexander, Tex.Civ. App., 183 S.W. 852. Further, that when art. 2250 was amended in 1943, 48th Legislature, p. 456; Ch. 305, sec. 1, although the 20-day provision was omitted, the caption disclosed only a change in such article by the addition of the allowance of appeals

* Note: Former opinion of October 19, 1951, in view of our holdings above, is withdrawn.

from county courts and county courts at law not theretofore covered by the provision for appeals from the district courts; and therefore the Rule as set out in Simpson v. Alexander, supra, is still controlling. He fortifies such position with the fact that art. 2250 is not among the articles listed by the Supreme Court as being repealed by the new rules, V.T.R.C.P., by Franke, p. 628.

While such contention and argument are persuasive, we have reached the opposite conclusion. Pre-existing statutes, where in conflict with the new rules, have been repealed. Our Supreme Court in the last sentence of Rule 819, provided: "In case of inconsistency between the provisions of these rules and any statutory procedure not specifically listed as repealed, these rules shall apply."

 Rule 385, when adopted, was, in the part material here, a new rule not based upon any then existing statute, and, with Rule 386, covers all classes of appeals, Rule 385 applying to appeals from *all interlocutory orders* allowed by law, and Rule 386 applying to all appeals generally. Under such conflict, Rule 385 which applies only to a particular class of appeals, takes precedence over Rule 386, a general rule; in other words, Rule 385 being specific and limited to appeals from interlocutory orders only, it takes such specifically named appeals from the cover-all provisions of Rule 386.

Such confusion as may exist was brought about by the omission by the Legislature in its amendment of art. 2250, R.C.S., in 1943 of the 20-day provision theretofore contained in art. 2250. The caption to the amending Bill however did not show such change and therefore at that time, for that reason, did not effect such a change. After the amendment of art. 2250 in 1943, the official Edition of Vernon's Texas Statutes, 1948, did not take into consideration the caption of the Bill and omitted the 20-day provision, and such was the situation at the time of the adoption of the new Rules.

Considering the history on this question, we are of the opinion that the Supreme Court, by the adoption of Rules 385 and 386 hereinabove referred to, effectively removed such confusion, since such Rules now control, even though they may conflict with former statutes.

Having reached the conclusion that we properly dismissed the appeal by our former order of October 19, 1951, the motion for rehearing is

Overruled.