**NORTH WACO WATER SUPPLY DISTRICT, Appellant,**

v.

**The CITY OF WACO, Appellee.**

**No. 4291.**

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1964.

Rehearing Denied Jan. 21, 1965.

John B. McNamara, Jr., Waco, for appellant.

Thomas R. Hunter, City Atty., Earl Bracken, Jr., First Asst. City Atty., Bryan, Wilson, Olson & Stem, Wiley W. Stem, Jr., Waco, for appellee.

TIREY, Justice.

The North Waco Water Supply District, a municipal corporation, created by an act of the 53rd Legislature of Texas, brought this suit against the City of Waco, a home rule city, to recover the sum of $24,985.76 paid by the District to the City under the provisions of Ordinance No. 1501 enacted by the City granting to the District a franchise to operate a water works system in a certain designated part of the City for a period of 25 years. Pertinent to this opinion it alleged that the foregoing ordinance was unconstitutional and void because the City was without legal authority to limit the water department carrying out the purposes for which it was so created, and that the City was without authority to levy or assess any tax against the District, and that the sums heretofore paid by the District to the City were paid without legal authority and contrary to the constitution and laws of the State of Texas, and that it violated Article 8280–150 of Vernon's Ann.Tex.St. Appellant also sought to recover certain sums alleged to be due by the City for damages to appellant's water distribution service lines, and for certain expenses incurred by the District in removing and relocating its mains, service lines and meter boxes, which was done in pursuance to the request of the City. The City answered that it had dominion and control over its streets and alleys by both legislative and charter provisions, and that appellant's claim was barred by the two and four year statutes of limitation; that Ordinance 1501 granted to appellant a franchise providing for payment of a reasonable rental for the use of the streets and alleys, and that appellant had accepted the benefits of the franchise provided in said ordinance; the city, by way of cross-action, alleged a right of recovery for unpaid charges due under the terms of said ordinance. The cause was tried on stipulations without the aid of a jury. There was no request for findings of fact and conclusions of law, and none were filed. The Court, in its judgment, found that Ordinance 1501 was valid and was, therefore, enforceable, and by reason thereof further found that appellant could not recover any of the sums paid for which it sued. It also found that appellant could not recover for the damages it claimed to have sustained to its water mains, nor for the costs of moving its property. The court further found that the City was entitled

to recover the sum of $11,333.93 on its cross-action against appellant for the amount of unpaid charges for the calendar years of 1961, 1962 and 1963, with accrued interest thereon as specified in the judgment. The appellant, in open court, excepted to the judgment and gave notice of appeal to this Court and it has perfected its appeal.

The judgment is assailed on four points. They are to the effect that the Court erred in holding: (1) that Ordinance 1501 was a valid constitutional and enforceable act; (2) that the Ordinance constituted a valid and binding contract; (3) in failing to render judgment for the water district for the recovery of the payment unlawfully made to it by the City under Ordinance 1501; (4) in granting the City judgment on its cross-action in the absence of the issuance of citation and service upon the water district. We overrule each of these points for reasons hereinafter mentioned.

In appellant's brief we find the following statement:

"The Trial Court's basic and manifest error is embodied in the holding that the City and the District had the legal right to contract for the payment by the District to the City of a fee or charge for the usage of the city streets and alleys to operate the District Water Work system. It is apparent that the Trial Court proceeded upon the theory that since the City had dominion and control over its streets and the District had the power to contract that there was no impediment to their entry into a contract by way of Ordinance 1501 under which the District would be obligated to the City in the amount therein provided.

"The District is not required to pay any taxes or assessments on the project or any part thereof. Any effort to do so by direct or by indirect means is without lawful authority and void. The District Court failed to consider this important and limited restriction

imposed by the legislature and the trial court erroneously concluded that the City's statutory right to control its streets and alleys was of greater and more paramount significance than the immunity from tax or assessment granted to the District by the same legislative authority.

"Both the City and the District derived their authority and limitations from the legislature, each is of equal dignity and fully capable of exercising its respective rights and powers within the framework of its constituted charter, but neither can you usurp the rights of the other nor destroy and render ineffective the legislative purpose for their creation and existence."

As we understand appellant's brief and its counsel's argument in court, its foregoing views are based on the provisions of Sections 13 and 17 of Art. 8280–150, V.A.T.S., which is the statute that created appellant. Said sections provide:

"Sec. 13. The District is authorized to enter into contracts with cities and others for supplying water to them. The District is also authorized to contract with any city for the rental or leasing of, or for the operation of the water production, water supply, and water supply facilities of such city upon such consideration as the District and the city may agree. Any such contract may be upon such terms and for such time as the parties may agree, and it may provide that it shall continue in effect until the bonds specified therein and refunding bonds issued in lieu of such bonds are paid provided however that none of the powers granted in this Section shall apply outside of this District.

"Sec. 17. The accomplishment of the purposes stated in this Act being for the benefit of the people of this State and for the improvement of their properties and industries, the District

in carrying out the purposes of this Act will be performing an essential public function under the Constitution and shall not be required to pay any tax or assessment on the project or any part thereof, and the bonds issued hereunder and their transfer and the income therefrom, including the profits made on the sale thereof, shall at all times be free from taxation within this State."

Appellant in its original petition on which it went to trial, among other things, alleged:

" * * * that said ordinance is unconstitutional and void and that the defendant is without legal authority to limit plaintiff in carrying out the purposes designated by the Legislature in creating the said Plaintiff Water District; that the defendant is without lawful authority to levy and assess any tax or assessment against Plaintiff Water District and that the sum of Twenty-Four Thousand Nine Hundred Eighty-Five and 76/100 ($24,985.76) Dollars heretofore paid by plaintiff to the defendant was without legal authority and contrary to the Constitution and laws of the State of Texas and that the defendant is therefore due and owing and bound and obligated to pay to plaintiff said sum of Twenty-Four Thousand Nine Hundred Eighty-Five and 76/100 ($24,985.76) Dollars."

Appellant in his oral argument said in effect that the Texas Water Company, who was the owner of the property of the Water District prior to the time the Water District took over the property of said company, paid to the said city of Waco ad valorem taxes for the year 1953 in the amount of $2,355.80 on the real and personal property which it thereafter conveyed to the North Waco Water Supply District, and that after the acquisition of these properties by the Waco Water District, such properties were removed from the tax rolls of the City of Waco, and thereafter the Water District entered into the rental contract as set out under the terms of Ordinance No. 1501, and that the purpose of the Ordinance in creating the rental contract between the Water District was in fact a subterfuge in order to evade the effect of the provisions of Sec. 17, of Art. 8280–150 aforesaid. We quote stipulations 5, 6, 7 and 8:

"No. 5. Prior to the enactment of Article 8280–150, V.A.T.S., the individuals who organized the North Waco Water Supply District and who were instrumental in securing the passage of the legislation creating the North Waco Water Supply District, had conferred with officials of the City of Waco and requested the cooperation and aid of the City of Waco to secure the passage of legislation creating the North Waco Water Supply District and also requested that the City of Waco grant a franchise or ordinance to the North Waco Water Supply District if said district was so created by act of the Legislature, said franchise ordinance to allow the North Waco Water Supply District to use the streets, alleys and public ways of the City of Waco for its water distribution system upon the payment of a reasonable rental charge for the use of the streets, alleys and other public ways of the City of Waco.

"No. 6. John B. McNamara, Jr., attorney for North Waco Water Supply District then and now, prepared an ordinance granting a franchise to the said North Waco Water Supply District and submitted the same to the Board of Commissioners of the City of Waco. The City of Waco requested changes in said ordinance, and said ordinance as changed, was approved by the attorney for the Water District and City of Waco, and was duly adopted by the City of Waco and is Ordinance No. 1501 (Exhibit 'B').

"No. 7. After the creation of the North Waco Water Supply District by the Legislature of the State of Texas and pursuant to the request of the organizers of the North Waco Water Supply District, the Board of Commissioners of the City of Waco passed Franchise Ordinance No. 1501 on March 2, 1954. This ordinance granted a franchise to the North Waco Water Supply District for the operation of a water works distribution system in the streets, alleys and other public ways of the City of Waco for a period of twenty-five (25) years from the date of said ordinance.

"No. 8. The North Waco Water Supply District, by letter dated June 3, 1954, accepted Franchise Ordinance No. 1501 as passed by the Board of Commissioners of the City of Waco on March 2, 1954, said ordinance granting to the North Waco Water Supply District a franchise to use the streets, alleys and other public ways of the City of Waco for a period of twenty-five (25) years from the date of said ordinance."

■ As we have previously stated, the trial court filed no findings of fact or conclusions of law, and in the absence of so doing, the court is presumed to have impliedly found against the appellant's contention that the rental contract provided for in Ordinance 1501 was a subterfuge.

■ As we understand appellant's pleading it attacked the constitutionality of the ordinance granting the rental contract on the ground that it was unconstitutional and void as a matter of law, in that it was in conflict with the provisions of Section 17 of Article 8280-150 aforesaid, but did not attack the ordinance on the ground that

it was a subterfuge entered into by the city and the water district for the purpose of contravening the provisions of Section 17 in the passing of Ordinance 1501 and the making of the rental contract provided therein. We find nothing in the stipulations to indicate that the parties were trying to evade the provisions of Section 17, and the court in its judgment has impliedly so found. In Fleming v. Houston Lighting & Power Company, (Comm. Appeals, opinion adopted) 135 Tex. 463, 143 S.W.2d 923, our Supreme Court said:

"We sustained the ordinance upon the ground that same imposed a charge in the nature of a rental. If that holding is correct, then the amendment above copied does not apply at all. The authorities recognize a distinction between a rental charge and a tax or charge for the privilege of doing business. It is clearly pointed out in the leading case of City of St. Louis v. Western Union Telegraph Co., 148 U.S. 92, 13 S.Ct. 485, 37 L.Ed. 380."

We think that is the exact situation here. Our Supreme Court has not seen fit to change the rule above stated.

■ Since counsel for appellant appeared in open court and submitted all the matters in controversy to the trial court he waived the issuance of citation and service and point 4 is overruled. See Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136, Pt. 2. Also Minnock v. Garrison, Tex.Civ.App., 144 S.W.2d 328, pt. 4, (n.w. h.) Mitchell v. Gooch, Tex.Civ.App., 210 S.W.2d 834, (n.w.h.).

All the other material facts and the recitals in the court's judgment having been stipulated, and there being no attack thereon, except as hereinabove stated, the judgment of the trial court is affirmed.