**WHITAKER OIL COMPANY, Appellant,**

v.

**Travis WARD, Appellee.**

**No. 170.**

Court of Civil Appeals of Texas.

Tyler.

Nov. 4, 1965.

Rehearing Denied Dec. 2, 1965.

W. Edward Lee, Whitaker & Lee, Carthage, for appellant.

Willis D. Moore, Moore & Holland, Athens, for appellee.

DUNAGAN, Chief Justice.

Travis Ward, doing business as Travis Ward Drilling Company, instituted this suit by unverified petition filed July 25, 1962,

in the trial court against Amigos Oil & Gas Ventures, Inc., and numerous other parties, seeking to foreclose a claimed involuntary lien on an oil, gas and mineral lease covering the J. M. Duran 254-acre tract of land in Rusk County, Texas, with an affidavit claiming a lien grew out of a written contract between Ward and Amigos Oil & Gas Ventures, Inc., to drill the No. 2 Duran Well on the "West 160 acres, J. M. Duran Lease."

The following day after the filing of suit for foreclosure of his lien against some 130 defendants, Ward filed a verified application for a receiver alleging that the owners of the lease were widely scattered, and he and several defendants were asserting statutory liens, that the persons presently owning or asserting interests in such lease had not been able to agree on a program to develop the lease, and that the well was being drained by offset wells to the south resulting in waste and material injury to him and the other lien holders. A hearing on the application for the appointment of a receiver was heard on May 25, 1964, with Whitaker participating in the hearing. On December 29, 1964, the trial judge entered an order, based on the May 25th hearing, appointing a receiver.

Whitaker did not appeal from this order nor made any attempt to do so within twenty days from the date of the order. On January 20, 1965, appellant Whitaker filed a verified motion to vacate the order appointing a receiver. By order rendered and entered on June 11, 1965, the motion to vacate was overruled after a full hearing thereon. Incorporated in this order is appellant's notice of appeal from such order and also notice of appeal from the order of December 29, 1964, appointing the receiver.

■ The appellant contends that immediately upon the close of the evidence on the hearing of May 25, 1964, the trial judge gave both sides time to file briefs and announced that when they were received, he would fix a time for, and would

notify the attorneys to appear and present argument; that no briefs thereafter were delivered by either party and Whitaker was not notified of any hearing, argument or action thereafter on the application for the receiver until January 12, 1965, when he was notified of the entry of the order appointing the receiver. The appellant's point of error in regard to this matter reads:

"The notice of the hearing held on May 25, 1964, served its purpose and expired when the partial hearing on Ward's application for the appointment of a receiver was had and postponed to be reset for hearing when the briefs were in. There being no notice of another hearing, the order appointing a receiver at the second succeeding term of court to take charge of immovable property, with no notice and no hearing, is void."

The record reflects that at the hearing on the application for receiver, the appellant was represented by counsel, evidence was offered by the appellant and appellee, and upon appellee resting his case, counsel for the appellant stated to the court: "We have no testimony, Your Honor." It is apparent that all parties had the opportunity to present their evidence and having done so, the case was fully developed. The record further reflects that there was no other hearing of any kind or nature on the motion to appoint a receiver. Therefore, there was nothing to give the appellant further notice of. He is complaining of the lack of notice of a hearing that was never held.

■ Appellee contended that the judge did not make the alleged statement and the trial court on the motion to vacate heard conflicting testimony on this matter and apparently resolved this issue against appellant. No findings of fact or conclusions of law were filed and none were requested. There being no express findings filed, it is presumed on appeal that the trial court found all controverted facts

in support of its judgment overruling the motion to vacate the order appointing the receiver. Brawley v. Bowen, 387 S.W.2d 383, (S.Ct.) 1965; North Waco Water Supply District v. City of Waco, 386 S.W. 2d 155, (Tex.Civ.App.) 1965, writ refused, n. r. e.

Rule 695, Texas Rules of Civil Procedure, provides in part that when an application for appointment of receiver to take possession of immovable property is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing. Appellant makes no complaint here of the sufficiency of the notice given on the application and hearing of May 25, 1964. The basis of appellant's contention is that, since the court postponed the hearing on May 25, 1964, on the application for receiver after all the evidence was in, to be reset for oral argument, it not being reset later, and the notice required by the rule not given as he contends the court announced it would do, the hearing was never completed. Under these circumstances, he contends the trial judge lacked authority to enter the order and therefore the order was void. We do not know of any rule, statute or authority nor have we been cited any that requires the court to hear oral arguments on matters presented to it without the aid of a jury. Further, the trial court had the benefit of appellant's brief which he furnished the court on the date of the hearing of the motion of May 25, 1964, stating fully his position supported by authorities as to why a receiver should not be appointed. Appellant having been given notice of the application for the appointment of the receiver and hearing thereon for May 25, 1964, the requirement of Rule 695 as to notice was complied with.

Appellant having been represented by his counsel and having presented evidence on the hearing of the application for a re-ceiver held on May 25, 1964, and on the same day having delivered his written brief to the court, he had his day in court.

If, as contended by appellant, notice was not given to him as required by Rule 695, which we do not so hold, the appellant in filing his motion to vacate the order of appointment waived all questions incident to the regularity of the appointing order. Cocke v. Naumann, 188 S.W.2d 781, (Tex.Civ.App.) 1945, writ refused, n. r. e.; San Angelo Hilton Hotel Co. v. B. B. Hail Bldg. Corp., 60 S.W.2d 1049, (Tex. Civ.App.) 1933, n. w. h.; Salas v. Gon-zalez, 181 S.W.2d 821, (Tex.Civ.App.) 1944, n. w. h.; Lacey v. Dayton Rubber Mfg. Co., 270 S.W. 916, (Tex.Civ.App.) 1925, writ dismissed; Marion v. Marion, 205 S. W.2d 426, (Tex.Civ.App.) 1947, n. w. h.; Cotton v. Rand, 92 S.W. 266, (Tex.Civ. App.) 1906, writ dismissed; Grace v. Buhrman-Pharr Hardware Co., 45 S.W. 2d 401, (Tex.Civ.App.) 1931, n. w. h.

The appeal in this case is governed by Rule 385, T.R.C.P., which makes two requirements for the taking of an appeal from an interlocutory order, to-wit: (1) filing an appeal or supersedeas bond within twenty days after rendition of the order appealed from, conditioned as required by the rules governing appeals generally, and (2) filing the record in the appellate court within twenty days after rendition of the order appealed from. Provided, that upon the filing of a motion in the appellate court within such twenty-day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record or any part thereof. Walk-er v. Cleere, 141 Tex. 550, 174 S.W.2d 956, 1943; Stubbs v. Thomason, 244 S.W.2d 844, (Tex.Civ.App.) 1951, writ dismissed. No notice is necessary on appeal from an interlocutory order appointing a receiver. Abilene Independent Telephone & Telegraph Co. v. Southwestern Telegraph

& Telephone Co., 185 S.W. 356, (Tex. Civ.App.) 1916, n. w. h.

Even though the appellant received notice on January 12, 1965, of the order appointing the receiver, he did not attempt to appeal from this order until more than twenty days after the date of its rendition and entry. Appellant filed his appeal bond on June 15, 1965, wherein he attempts to appeal from both the order appointing the receiver and order overruling his motion to vacate such order.

■ It will be noted that the order appointing the receiver was entered on December 29, 1964, and the order overruling the motion of appellant to vacate the order appointing the receiver was entered on June 11, 1965. The appeal bond, which attempts to appeal from both the order appointing the receiver and the order overruling the motion to vacate, was filed on June 15, 1965. Under Vernon's Ann.Civ. St. art. 2250, one appealing from an order appointing a receiver or from an order overruling the motion to vacate an order appointing a receiver, must perfect his appeal within twenty days from the date of the order appealed from. The appeal bond in this case was filed more than twenty days after the order appointing a receiver was entered, and was therefore filed too late to perfect an appeal from that order; Walker v. Cleere, supra; Stubbs v. Thomason, supra; and this appeal must be treated only as an appeal from the order of the court overruling appellant's motion to vacate the order appointing the receiver. Grace v. Buhrman-Pharr Hardware Co., supra; Cocke v. Naumann, supra.

■ The basis for a motion to vacate must be (1) presenting to the trial court a fact, previously unknown to the trial court relating to the propriety of entering an order appointing a receiver, or (2) calling the attention of the trial court to some fundamental error that renders the order void. Otherwise, a motion to vacate amounts to nothing more than a motion for rehearing before the trial court, which is not the purpose of a motion to vacate an order appointing a receiver as provided for under Article 2250, V.A.C.S.

Appellant, by his motion to vacate, attempts to secure a rehearing in the trial court after the time for appeal has elapsed. The record is silent as to any new fact relating to the propriety of the original order brought forward by Whitaker on his motion.

■ Appellant's counsel on oral argument to this court conceded that his motion to vacate was tantamount to a motion for new trial. The filing of a motion for new trial of the application for the appointment of a receiver does not enlarge the time for the filing of the appeal bond and record in the appellate court. Dulaney v. Neely, 173 S.W.2d 730, (Tex.Civ.App.) 1943, n. w. h.

■ An order appointing a receiver is void when the court lacks jurisdiction of the parties or subject matter. The fact that it was made improvidently, or issued on insufficient evidence does not nullify an order appointing a receiver. 49 Tex. Jur.2d Sec. 67, page 93. The trial court in the case at bar had jurisdiction of both the parties and subject matter; therefore, the order appointing the receiver is not void.

■ Where the appeal is perfected from an order overruling a motion to vacate the appointment of a receiver, as in this case, the question upon the pleadings becomes one simply of the sufficiency of the petition to support the appointment of a receiver. Batchelor v. Pacific Finance Corporation, 202 S.W.2d 857, (Tex.Civ. App.) 1947, n. w. h.; Salas v. Gonzalez, supra. Appellee's sworn allegations in this case are deemed sufficient under Article 2293, Revised Civil Statutes, 1925, to authorize the appointment of a receiver.

In the case of Lauraine v. First Nat. Bank of Whitney, 204 S.W. 1022, (Tex. Civ.App.) 1918, n. w. h., the court said:

"It is clear that if a motion to vacate an order appointing a receiver upon the ground that error was committed in the proceedings, when the error complained of is not such as to render the proceedings void, can be entertained at any time, the court appointing a receiver would never become final and the statute (now Rule 385) which only gives 20 days in which to appeal from such order would be rendered nugatory and idle. We cannot believe the Legislature intended any such result in enacting the statute giving the right of appeal from an order overruling a motion to vacate an order appointing a receiver. * * *" Neither do we believe those who promulgated Rule 385 intended such result.

■ Appellant's first point of error was not briefed, and we consider same as having been waived. The Aetna Casualty & Surety Company v. Depoister, 393 S.W.2d 822, (Tex.Civ.App.) 1965, n. w. h.; Weatherred v. Kiker, 357 S.W.2d 182, (Tex.Civ. App.) 1962, writ refused, n. r. e. However, under the record in this case we believe this point, as well as point No. 10, is without merit and should be overruled.

■ The other points presented by appellant challenge the correctness of the action of the court in appointing a receiver. As that order was not timely appealed from, the matter is not before us for review. Lloyds of Texas v. Bobbitt, 40 S.W. 2d 897, (Tex.Civ.App.) 1931, writ dismissed 55 S.W.2d 803.

The sworn application being sufficient for the appointment of the receiver and the order making the appointment being within the jurisdiction of the District Court, appellant's points present no error.

The trial court's order overruling the motion to vacate the order appointing the receiver is affirmed.